960 F.2d 150
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Morgan LOVE, Defendant-Appellant.
 No. 91-6111.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1992.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and TIMBERS*, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Samuel Morgan Love ("Love") was acquitted by a jury of all four counts of an indictment charging him with conspiracy to possess and possession with intent to distribute marijuana and the unlawful carrying of a firearm during and in relation to a drug trafficking offense. Love was convicted of the lesser included offense of simple possession of marijuana, in violation of 21 U.S.C. § 844.
 
 
 2
 At Love's September 5, 1991 sentencing hearing, the district court found that the base offense level was four, denied Love's request for a downward adjustment for acceptance of responsibility and imposed a two level enhancement for obstruction of justice based upon the court's belief that Love committed perjury at trial. The district court also imposed an upward departure of two levels for Love's actions and conduct facilitating the commission of another criminal offense; namely, the charges of which Love was acquitted. The total offense level was eight and Love's criminal history category was I. The sentencing range under the United States Sentencing Guidelines ("U.S.S.G.") was two to eight months. The court imposed a sentence of eight months, a $1,200 fine and a one year term of supervised release.
 
 
 3
 Love raises three issues related to his sentence in this appeal. Love first contends that the district court erred by imposing an upward enhancement based upon obstruction of justice because the jury implicitly found his testimony credible by acquitting him of the offenses charged in the indictment. Second, Love claims that the upward departure based upon his facilitation of another offense impermissibly punished him for conduct of which he was acquitted. Finally, Love claims that the district court erred by denying him the two level reduction for acceptance of responsibility. For the reasons stated below, we affirm.
 
 I.
 
 4
 On May 11, 1990 Charles Roundtree, an undercover agent with the Tennessee Highway Patrol, met with Love and Wayne Cripps in order to purchase one ounce of marijuana. Roundtree later negotiated the sale of ten pounds of marijuana to Cripps. On May 24, 1990 Cripps informed Roundtree that he, Love and Rufus Davis would meet Roundtree at the Cherry Hill Community Center in Dekalb County, Tennessee, in order to purchase the ten pounds of marijuana.
 
 
 5
 At the community center, Roundtree observed the arrival of a black car driven by Love. Cripps and Davis got out of the car and Davis handed Love his gun to keep in the car because "it was slipping" out of his pants. Davis gave Cripps $8,000 and returned to the car. Cripps then motioned for Love to back his car next to Agent Roundtree's truck. Love asked Davis what was occurring and Davis informed him that Cripps wanted "to put it in the trunk." (Jt.App. at 100). Love then got out of the car and opened the trunk. Cripps gave Agent Roundtree the money and Roundtree produced a suitcase containing eight pounds of marijuana. Cripps, Love and Davis were arrested and the gun Davis had handed to Love was found under the driver's seat.
 
 
 6
 At his trial, Love testified that he did not realize such a substantial purchase of marijuana would occur on May 24, 1990. Although Love admitted that he knew that Cripps and Davis planned to purchase marijuana at the Cherry Hill Community Center, he claimed that he believed it was to be a small amount for personal use. Love also claimed that he did not know that Davis was carrying $8,000 and a gun until they arrived at Cherry Hill. The jury acquitted Love of all charges except for the lesser included offense of simple possession of marijuana.
 
 
 7
 The district court, however, found it implausible that Love would drive his close friends Cripps and Davis to the community center without being aware of the scope of the marijuana transaction. Based upon this determination, the district court found that Love committed perjury by his testimony before the jury. The court therefore denied Love's request for an acceptance of responsibility reduction, added two points for obstruction of justice, and departed upward because Love's conduct facilitated another criminal offense. This appeal followed.
 
 II.
 A.
 
 8
 Love contends that the district court improperly found that he committed perjury and therefore that his obstruction of justice enhancement was unwarranted. U.S.S.G. § 3C1.1, entitled "Obstructing or Impeding the Administration of Justice," provides that
 
 
 9
 if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by two levels.
 
 
 10
 Application note 3(b) specifies that this enhancement applies to committing, suborning, or attempting to suborn perjury. Application note 3(f) lists as an example of the type of conduct to which the enhancement applies as providing materially false information to a judge or magistrate. This court has held that committing perjury at trial is the type of conduct to which the two level enhancement applies. United States v. Acosta-Cazares, 878 F.2d 945 (6th Cir.), cert. denied, 493 U.S. 899 (1989).
 
 
 11
 Love contends that the court failed to properly apply U.S.S.G. § 3C1.1 because the court did not evaluate his testimony and statements in the light most favorable to the defendant as required by application note 1 of U.S.S.G. § 3C1.1. When applying section 3C1.1 the defendant's testimony and statements should be evaluated in a light most favorable to the defendant. United States v. Head, 927 F.2d 1361, 1372 (6th Cir.), cert. denied, 112 S.Ct. 144 (1991).
 
 
 12
 Application note 1 of the Commentary to U.S.S.G. § 3C1.1 states:
 
 
 13
 This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision. In applying this provision, the defendant's testimony and statements should be evaluated in a light most favorable to the defendant.
 
 
 14
 Relying on application note 1, Love argues that the district court's failure to view the evidence in the light most favorable to the defendant, combined with the court's implicit rejection of the jury's acquittal, impermissibly burdens his right to testify in his own defense. At least one court has held that applying section 3C1.1 to a defendant's statements at trial is "an intolerable burden upon the defendant's right to testify in his own behalf." United States v. Dunnigan, 944 F.2d 178, 185 (4th Cir.1991).
 
 
 15
 In the present case, the district court found by a preponderance of the evidence that Love's testimony about his lack of knowledge of the marijuana transaction was untruthful. The court stated:
 
 
 16
 It's absolutely implausible and I reject the suggestion that Mr. Love with these two chums, one legally blind and the other known for this, all of whom had been pals and been smoking marijuana, buying it, making trips when they had been to parties, collecting money and pooled it and gone to buy it and came back, I reject as implausible the suggestion that Mr. Love drove Mr. Cripps, the blind man, and Mr. Davis, the money man, out to this Cherry Hill Community Center from Smithville in a remote area and that he wasn't aware of, cognizant and knowledgeable about the forth coming deal. It strains my sense of credulity to say that the people in a community of that size, know one another's business, but here among the intimacy of the chums, the great pals, in a car, going to a drug deal, and he knew he was going to a drug deal, he professes to the jury that it was for purely personal is all he thought, that he didn't know more and the truth of the matter. I reject that. It offends my sense of common sense. I believe it was misleading, if not just purely perjurious as far as his testimony before this jury. And I do not credit it. And I find by preponderance of evidence that he mislead this jury in that respect, he was not truthful, he was not forthright, it was not a candid admission of his involvement, and he should be denied acceptance of responsibility. (Jt.App. at 115-16).
 
 
 17
 We review the factual findings underlying the court's conclusions under the clearly erroneous standard. United States v. Alvarez, 927 F.2d 300, 303 (6th Cir.), cert. denied, 111 S.Ct. 2246 (1991). We must give due regard to the opportunity of a district court to judge the credibility of the witness, and we give deference to the district court's application of the guideline enhancement to the facts. Head, 927 F.2d at 1372; see also United States v. Williams, 940 F.2d 176, 181 (6th Cir.), cert. denied, 112 S.Ct. 666 (1991).
 
 
 18
 It appears implicit in the jury's verdict that Love's testimony was credited by the finder of fact. The jury acquitted Love of all charges that required knowledge of a substantial amount of marijuana. His only conviction was for simple possession, which is consistent with his statement that he believed the transaction would only involve a small amount. Therefore, if his testimony is viewed in the light most favorable to Love, it appears that a reasonable person could find that he was truthful.
 
 
 19
 On the other hand, the district court persuasively sets out the facts that support a contrary conclusion. The small size of the community, the close relationship between Love and Cripps, the defendant's knowledge of some parts of the drug transaction, and most crucial, Love's opening of the car's trunk during the transaction; all of these facts weigh against Love's version of events. There are thus two plausible interpretations of the facts concerning Love's knowledge. When there are two equally plausible factual scenarios, a district court's choice of one over another cannot be clearly erroneous. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." United States v. Moreno, 933 F.2d 362, 374 (6th Cir.), cert. denied, 112 S.Ct. 265 (1991). Giving due regard to the district court's opportunity to judge the witnesses' credibility, Head, 927 F.2d at 1372, we cannot say that a mistake has been committed.
 
 
 20
 Having come to this conclusion, we must also address Love's constitutional argument. We disagree with the Fourth Circuit's holding in United States v. Dunnigan, 944 F.2d at 183-85 that application of section 3C1.1 to a defendant's trial testimony unfairly coerces a defendant into remaining silent at trial. This court has repeatedly upheld the application of section 3C1.1 to perjurous trial testimony. Williams, 940 F.2d at 181; Head, 927 F.2d at 1372; Acosta-Cazares, 878 F.2d at 952. As noted by the Fourth Circuit, every other circuit to consider this issue has upheld similar enhancements under section 3C1.1. See Dunnigan, 944 F.2d at 183 (citing cases). The rationale behind these decisions is that there is no constitutional right to testify untruthfully at trial. Accosta-Cazares, 878 F.2d at 953. Once a district court determines that a defendant testified untruthfully as to a material fact while under oath, the court has no discretion and must apply the section 3C1.1 enhancement. Alvarez, 927 F.2d at 303. We therefore find the district court's application of section 3C1.1 proper in this case.
 
 B.
 
 21
 Love contends that the jury's not guilty verdict indicates that the jury found that he testified truthfully at trial. Allowing the district judge to find to the contrary, Love argues, abrogates the jury's role as the fact finder. Love submits that this same principle prevents a district court from imposing an upward adjustment based upon conduct not resulting in a conviction.
 
 
 22
 In this case, the district court found that Love's conduct facilitated the criminal purpose of possession with intent to distribute marijuana. Although Love was acquitted of this offense, the district court imposed a two level upward departure for this conduct based upon U.S.S.G. § 5K2.9, which provides:
 
 
 23
 If the defendant committed the offense in order to facilitate or conceal the commission of another offense, the court may increase the sentence above the guideline range to reflect the actual seriousness of the defendant's conduct.
 
 
 24
 We review departures from the guidelines under a three-part test. "The first step is to determine whether the factors on which the district court relied are sufficiently unusual to warrant departure.... The second step is to determine whether the circumstances, if they may be considered at all, actually exist in the case.... [T]he third step is to determine whether [the departure] was reasonable." United States v. Hays, 899 F.2d 515, 519 (6th Cir.) (citations omitted), cert. denied, 111 S.Ct. 385 (1990).
 
 
 25
 The district court justified its departure by stating:
 
 
 26
 [I]n that respect I do find and I do so by a preponderance of evidence and for the reasons that I previously articulated in that I think that his testimony before the jury was untruthful, that I'm convincted by a preponderance of the evidence that he knew that it was a substantial amount, and that I am equally convinced that his actions in getting out to open the trunk reflect his appreciation that it was to be a substantial transaction and it reflects his knowledge and his participation in it. That while he was found guilty by the jury of simple possession, neitherheless under the teachings of the case the government has presented, even though acquitted on certain counts, the conduct may be viewed in the context of sentencing, and I find that there should be an upward departure in this case in that his conduct facilitated and served a criminal purpose. (Jt.App. at 118-19).
 
 
 27
 The district court thus found that Love's conduct had facilitated the possession of an amount of marijuana substantially larger than reflected by his conviction for simple possession. A sentencing court is allowed to take into account the amount of drugs involved in an underlying transaction, even if the defendant has been acquitted of possessing that amount. See United States v. Hodges, 935 F.2d 766, 769-70 (6th Cir.), cert. denied, 112 S.Ct. 317 (1991); see also United States v. Crawford, 883 F.2d 963, 965-66 (11th Cir.1989) (court upheld departure based upon large quantity of drugs involved despite the fact that defendant was convicted only of simple possession). Therefore, the substantial nature of the drug transaction was an appropriate basis for departure in this case. See United States v. Perez, 915 F.2d 947, 948-49 (5th Cir.1990) (upward departure under U.S.S.G. § 5K2.9 proper for facilitating a drug conspiracy).
 
 
 28
 The district court found by a preponderance of the evidence that Love was aware of the substantial nature of the drug transaction, and this factual finding is not clearly erroneous. Hays, 899 F.2d at 519. Finally, the two level departure is reasonable, leading to a sentencing range of 2-8 months as opposed to 0-6 months for simple possession. We therefore affirm the upward departure under U.S.S.G. § 5K2.9.
 
 
 29
 Nor are we persuaded by Love's argument that his acquittal precludes a finding that he facilitated the commission of the offense he was found not guilty of committing. As the Seventh Circuit has noted:
 
 
 30
 Nothing in either the guidelines or the Constitution prevents a judge from taking account of conduct in which the defendant engaged, whether or not an acquittal prevents the imposition of criminal penalties directly on that conduct. A verdict of "not guilty" does not mean that the defendant didn't do it; it means that the prosecution failed to establish culpability beyond a reasonable doubt.
 
 
 31
 United States v. Fonner, 920 F.2d 1330, 1332 (7th Cir.1990). Every circuit except the Ninth agrees with this analysis. cf. United States v. Brady, 928 F.2d 844 (9th Cir.1991). "The rational supporting these decisions is that in order to convict at trial, the government bears the burden of proving the elements of the offense beyond a reasonable doubt. However, the burden of proof at sentencing is the lesser preponderance of evidence standard." United States v. Moreno, 933 F.2d at 374. Indeed, the guidelines themselves make it clear that "[i]n determining ... whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character, and conduct of the defendant." U.S.S.G. § 1B1.4. (Emphasis supplied). Love's acquittal does not preclude a departure based upon his relevant conduct. Moreno, 933 F.2d at 374.
 
 C.
 
 32
 Finally, Love argues that he should have received a two point reduction in his sentence for acceptance of responsibility. To qualify for this reduction, a defendant bears the burden of showing by a preponderance of the evidence that he has accepted responsibility for the crime committed. United States v. Williams, 940 F.2d at 181. A district court's finding on this issue is factual and will not be disturbed unless clearly erroneous. Id. In light of Love's denial of any criminal intent or knowledge concerning the substantial nature of the drug transaction, it was not error to deny this reduction. Moreover, we have upheld a finding that Love obstructed justice at his trial and such conduct "is not indicative of one who accepts responsibility." Id. at 183; U.S.S.G. § 3E1.1, comment. (n. 4). The district court did not clearly err in denying the acceptance of responsibility reduction.
 
 III.
 
 33
 For the foregoing reasons, we AFFIRM the sentence imposed by the district court.
 
 
 
 *
 Honorable William H. Timbers, Senior Circuit Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation