**UNITED STATES of America, Plaintiff–Cross Appellant (90–3421), Plaintiff–Appellee,**

v.

**Robert A. WILLIAMS, Defendant–Appellant (90–3239),**

**Althea Anderson, Defendant–Appellant (90–3305), Defendant–Cross Appellee.**

Nos. 90–3239, 90–3305 and 90–3421.

United States Court of Appeals, Sixth Circuit.

Argued March 21, 1991.

Decided July 29, 1991.

Michael Burns (argued), Office of the U.S. Atty., Columbus, Ohio, for U.S.

Gary W. Deeds (argued), Columbus, Ohio, for Robert Antonio Williams aka David Williams.

Joseph Landusky (argued), Columbus, Ohio, for Althea Anderson.

Before MILBURN and BOGGS, Circuit Judges, and GILMORE, District Judge.[*]

GILMORE, District Judge.

Defendants Robert A. Williams and Althea Anderson appeal their respective jury convictions, and Anderson additionally contests her sentence. The United States cross-appeals the district court's grant of a two-level reduction in offense level under the Sentencing Guidelines to Anderson for acceptance of responsibility. For the reasons discussed in this opinion, the court upholds Williams' and Anderson's convictions. The court also finds no merit to Anderson's challenge to the sentence imposed. However, we hold that the district judge erred in finding that Anderson accepted responsibility for her offense. We therefore revoke the two-level reduction granted for acceptance of responsibility and remand her case for resentencing.

## I

On May 2, 1989, David Kintz, the manager of the Arborgate Inn in Columbus, Ohio, entered room 102 to lock out the guests who had not paid for that day's occupancy by checkout time. During the lockout, Kintz discovered a brown paper bag under one of the beds which he believed contained a large quantity of crack cocaine. Kintz's wife alerted the Columbus police who came and seized the bag. The paper bag contained plastic baggies, the contents of which field tested positive for cocaine.

Shortly after the officers arrived, a vehicle pulled up in front of room 102. The vehicle fit the description Kintz gave of a vehicle previously seen parked outside the room. Anderson was driving, Williams was sitting in the front passenger seat, and two women were sitting in the back seat.

As the officers approached the car, one officer saw Williams bend over toward the bottom of the seat with his hands out of sight. Another officer observed what she believed to be the butt of a gun sticking out from under the front passenger seat. After the four occupants were removed from the car, a Charter Arms .38 caliber revolver was retrieved, as well as two plastic bags of suspected crack cocaine found beside the gun. The cocaine was packaged in a similar manner as the cocaine found in the room. A mobile pager was also found on the front passenger seat of the car.

A key to room 102 was found in Anderson's left hand and $263 in cash was found on her person. A second key to the room and $750 in cash were discovered on Williams. Upon execution of a search warrant for room 102, officers found an apparent drug ledger, $1,528 in cash and two photo identification cards with Williams' photo but with a fictitious name.

During a disturbance in the parking lot a few days prior to the arrest, Williams told Kintz that he was staying in room 102. Anderson also testified to staying in the room at least one night. Both men's and women's clothing were found in the room, some of which Anderson admitted to owning.

[*] The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

The drugs were confirmed to be cocaine base with a total street value of between $50,000 and $60,000. Latent fingerprints were obtained on some of the plastic bags found in the room and were identified as Williams'. No fingerprints were found on the bags in the car or on the gun.

Upon their arrest, Williams and Anderson both gave false names to the arresting officers and claimed to be juveniles. Anderson admits that she again lied about her name and age during juvenile court proceedings and successfully convinced her mother to lie about Anderson's age and identity to the juvenile court.

## II

On June 1, 1989, a grand jury sitting in Columbus, Ohio, returned a two count indictment against Defendants Williams and Anderson. Count I of the indictment charged both Williams and Anderson with unlawful possession with intent to distribute in excess of 400 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count II charged Williams with possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

The jury trial began on September 14, 1989, in the United States District Court for the Southern District of Ohio. Throughout the trial, Anderson maintained her innocence and testified that she was unaware of any illegal activity. Anderson stated that the day of the arrest was the first time she had been in the car in which she and Williams were arrested.

Upon the closing of the government's case, Williams and Anderson made motions for judgment of acquittal, which the court denied. Neither motion for acquittal was renewed at the close of all the evidence. At the end of the four-day trial, the jury returned guilty verdicts on all charged counts. The district court then ordered presentence investigations for each of the Defendants.

Anderson's presentence investigation report ("PSR") suggested a two-level increase in the offense level because there was a gun involved. The PSR also suggested a two-level increase because Anderson obstructed the investigation by giving a false identity to officers and the juvenile court. The PSR did not suggest any reduction in offense level based upon Anderson's role in the offense or for accepting responsibility.

At Anderson's sentencing hearing, the district court considered defense counsel's objection to the two-level sentencing enhancement for possession of a firearm. Noting that trial evidence indicated the firearm was Williams', and that the indictment did not even charge Anderson with possession of a firearm, the court concluded that a two-level enhancement for possession of a firearm was not warranted.

The court also considered, *sua sponte*, adjustments based upon Anderson's role in the offense, her obstruction of justice and her acceptance of responsibility. The court departed from the recommendation of the PSR and granted Anderson a two-level reduction based upon her role in the offense. The court stated that the evidence clearly established that Anderson was less culpable than Williams, and that Anderson played a minor role in the offense within the meaning of § 3B1.2(b). The court, however, determined that Anderson was not eligible for a four-level reduction as a minimal participant.

The district court went on to find that the PSR was correct in suggesting a two-level enhancement of Anderson's offense level pursuant to § 3C1.1 for having obstructed justice. The court based this enhancement upon the fact that Anderson tried to conceal her identity from enforcement officers and from a judge, and persuaded her mother to falsely attest to her daughter's identity as well.

In addition, the court determined that Anderson deserved a two-point reduction under § 3E1.1 for having accepted responsibility. To support this reduction, the court cited a letter from Anderson, sent after her conviction, which the district court believed reflected her remorse.

### III

#### A. *Defendants' Appeal*

Defendants Williams and Anderson argue that there was insufficient evidence to support their respective convictions and assign error to the district court's denial of their motions for judgment of acquittal under Federal Rule of Criminal Procedure 29(a). Although Williams does not contest his conviction on the drug offense, he claims that the court should have granted his motion to acquit on the firearms charge because the government failed to prove ownership or possession of the gun. Anderson argues that the court should have granted her motion to acquit on the drug charge because the government failed to prove that she had either actual or constructive possession of the cocaine.

■■ This court will not entertain the defendants' appeals on this issue because the defendants have failed to preserve the right to challenge the sufficiency of the evidence. Although both Williams and Anderson moved for judgment of acquittal pursuant to Rule 29 at the close of the government's case in chief, both failed to renew the motion at the close of *all* the evidence. This failure constitutes a waiver of an objection to the sufficiency of the evidence. *United States v. Faymore*, 736 F.2d 328, 334 (6th Cir.), *cert. denied*, 469 U.S. 868, 105 S.Ct. 213, 83 L.Ed.2d 143 (1984). Absent a showing of a manifest miscarriage of justice, this court will not review a district court denial of a Rule 29 motion where a defendant does not renew that motion at the close of all the evidence. *Id.* Finding no miscarriage of justice in the denial of Williams' or Anderson's motion, we decline to grant review of the sufficiency of the evidence upon appeal.[1]

In addition to challenging the sufficiency of the evidence, Anderson also assigns error to the district court's factual findings under the Sentencing Guidelines. Anderson claims that the district court erred in finding that she was a "minor"

rather than a "minimal" participant, and thus incorrectly granted her a two rather than four level reduction for sentencing.

Sentencing Guidelines § 3B1.2(b) allows the court to decrease a defendant's offense level by two levels if the defendant is deemed a minor participant in the criminal activity. Application Note 3 defines a minor participant as one who is less culpable than most other participants, but whose role could not be described as minimal. Application Note 1 describes a minimal participant as one who is plainly among the least culpable of those involved in the conduct of a group, and § 3B1.2(a) provides for a four-level reduction in offense level for such minimal participants.

■■ This court will not disturb the district court's determination of a defendant's role in the criminal activity unless it is clearly erroneous. 18 U.S.C. § 3742(e); *United States v. Silverman*, 889 F.2d 1531, 1540 (6th Cir.1989). To support a claim of clear error in this case, Anderson provides nothing more than her conclusory statement that she played a minimal rather than minor role in the offense. We do not find Anderson's statement convincing. Application Note 2, § 3B1.2, provides that the downward adjustment for a minimal participant is to be used infrequently and is primarily for someone who played a single, limited role in a very large organization. Such is not the case in the present appeal.

Although the district court noted that Anderson was less culpable than Williams, the court went on to make the clear factual determination that she was not a minimal participant. We cannot say that the district court was clearly erroneous in making this determination. Anderson was driving the car where the weapon and cocaine were found and had a key to and stayed in the motel room where more cocaine was located. This evidence provides a factual basis for the determination that Anderson's role in the criminal conduct was more than minimal.

---

1. But even if the Defendants had properly preserved their challenges to the sufficiency of the evidence, this court would not be persuaded by their arguments. Viewing the evidence in the light most favorable to the government, we find that there was ample evidence to submit to the jury and to support the convictions on the charged offenses.

Anderson also appeals the district court's imposition of a two-level enhancement for obstruction of justice. The district court determined that Anderson receive this increase because she concealed her age and identity from law enforcement officers and from a juvenile court judge, and also persuaded her mother to testify untruthfully concerning Anderson's age and identity.

 Sentencing Guideline § 3C1.1 provides for enhancement of an offense level for obstructing or impeding the administration of justice during the investigation or prosecution of the offense. We review the district court's application of this enhancement under the clearly erroneous standard. 18 U.S.C. § 3742(e); *United States v. Head,* 927 F.2d 1361, 1372 (6th Cir.1991).

The version of Application Note 1(c), § 3C1.1 in effect at the time of sentencing provided that testifying untruthfully or suborning untruthful testimony concerning a material fact during any judicial proceeding may provide a basis for applying the two-level enhancement for obstructing justice.[2] Anderson admitted that she not only lied about her age and identity upon arrest, but she lied to a juvenile court judge during a hearing to determine her identity. In addition, Anderson convinced her mother to provide materially false information to the juvenile judge. Thus, there was a factual basis for a finding that Anderson obstructed justice and we affirm that determination.

**B.** *United States' Cross–Appeal*

On cross-appeal, the United States assigns error to the district court's grant of a two-level reduction for acceptance of responsibility. The district court granted Anderson the reduction based upon a letter Anderson sent to the court after conviction but before sentencing. The relevant portions of the letter provided:

> Sir, little did I know that when I was brought to Ohio that misery and tragedy would also follow.
>
> \* \* \* \* \* \*
>
> I am not an advocate of crime or drugs and do not use drugs or sell drugs. Yet according to circumstances I have become a victim.

 Sentencing Guidelines § 3E1.1 provides for a two-level reduction for a defendant who clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his or her criminal conduct. To qualify for this reduction, the defendant bears the burden of showing by a preponderance of the evidence that he or she has accepted responsibility for the crime committed. *United States v. Christoph,* 904 F.2d 1036, 1040 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991); *United States v. Rodriguez,* 896 F.2d 1031, 1032 (6th Cir. 1990). Whether a defendant has accepted responsibility for the criminal conduct is a question of fact, and the district court's assessment of this is accorded great deference and is not to be disturbed unless clearly erroneous. 18 U.S.C. § 3742(e); *United States v. Lassiter,* 929 F.2d 267, 270 (6th Cir.1991); *United States v. Barrett,* 890 F.2d 855, 869 (6th Cir.1989); *United States v. Wilson,* 878 F.2d 921, 923 (6th Cir.1989).[3]

**2.** Because Anderson was sentenced on March 14, 1990, the applicable Sentencing Guidelines were those amended effective November 1, 1989. We note, however, that Anderson's conduct also falls under Application Notes 3(f) & (g), § 3C1.1, as amended effective November 1, 1990. These notes indicate that a defendant who provides materially false information to a judge, or who makes a materially false statement to a law enforcement officer that significantly obstructs the investigation or prosecution of the offense, is properly considered for an enhancement under § 3C1.1.

**3.** This court has previously stated that a sentencing judge's determination of whether a defen-

dant has accepted responsibility is not to be disturbed unless it is "without foundation." *See Lassiter,* 929 F.2d at 270; *Christoph,* 904 F.2d at 1041; *Barrett,* 890 F.2d at 869; *Wilson,* 878 F.2d at 923. This language undoubtedly was derived from Application Note 5, § 3E1.1 of the 1987 Sentencing Guidelines, which provided:

> The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.

This Application Note, however, was amended effective November 1, 1990, by deleting the

We find that Anderson failed to satisfy her burden that she accepted responsibility for her criminal conduct, and that the district court was clearly erroneous in holding otherwise. Based upon the reasons that follow, we hold that Anderson should not receive a two-level reduction for acceptance of responsibility under § 3E1.1.

Application Note 1, § 3E1.1 provides a nonexclusive list of seven factors a court may consider in making a determination of whether a defendant has accepted responsibility for criminal conduct. The district court failed to identify a single listed factor which applied to Anderson. Indeed, of the six examples of conduct indicative of one who accepts responsibility, not one applies to Anderson. The seventh factor, concerning the timeliness of the defendant's conduct in manifesting the acceptance of responsibility, in fact weighs against Anderson. If Anderson's acceptance of responsibility was manifested in the letter sent to the district court, this can hardly be considered timely. Application Note 2, § 3E1.1 indicates that a determination of acceptance of responsibility is to be based primarily upon pre-trial statements and conduct.[4] A letter sent prior to sentencing but after conviction does not reflect the type of timely acceptance of responsibility envisioned in the Sentencing Guidelines. *See United States v. Martinez*, 901 F.2d 374, 378 (4th Cir.1990).

Moreover, nothing in the letter sent to the district court can reasonably be characterized as an affirmative acceptance of personal responsibility within the meaning of the Sentencing Guidelines § 3E1.1. In the letter, Anderson painted herself as a victim and denied any knowledge of the crime. Her letter was not an affirmative acceptance of responsibility; it was a renouncement of culpability. The letter was a continuation of Anderson's trial defense that she never knew any illegal drug transactions were occurring.

In light of Anderson's defense at trial, and her continuing expression of innocent involvement, the Sentencing Guidelines indicate that she not be granted a reduction for acceptance of responsibility. Application Note 2, § 3E1.1 provides that an adjustment for accepting responsibility is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.[5] Although Application Note 2 states that a defendant is not to be denied consideration for acceptance of responsibility when going to trial to assert and preserve issues that do not relate to factual guilt, where, as here, the defense consists of a denial of criminal conduct, the reduction is not appropriate.

Indeed, Anderson maintained that she was an innocent bystander even at the sentencing hearing. After the district court ruled on the two-level adjustment for accepting responsibility, Anderson stated:

> Well, I'd just like to say I'm sorry for the crime that was committed in which I somehow got caught up in. And I would

---

words "and should not be disturbed unless it is without foundation."

The above quoted language was omitted for a purpose. Courts could perceive the language as providing a more lenient standard of review than the clearly erroneous standard. *See, e.g., United States v. Ainsworth*, 932 F.2d 358, 362 (5th Cir.1991), (opinion subject to revision). We reaffirm, however, that the clearly erroneous standard regularly applied to the review of factual determinations and to the district court's application of the Sentencing Guidelines to those facts provides the appropriate standard of review. *See* 18 U.S.C.A. § 3742(e).

**4.** Although the cited language in Application Note 2 was added by amendment effective November 1, 1990, and therefore not technically applicable at Anderson's sentencing, we still believe it proper to consider the amended language in assessing the application of the adjustment to Anderson. The relevant language was added merely to clarify the text of § 3C1.1; it was not intended to change the section substantively. We therefore find it appropriate to consider this subsequent clarification provided by the Sentencing Commission in interpreting the guideline provision. *See United States v. Fiala*, 929 F.2d 285, 290 (7th Cir.1991); *United States v. Sanchez*, 928 F.2d 1450, 1459 (6th Cir.1991); *United States v. Howard*, 923 F.2d 1500, 1504 (11th Cir.1991); *United States v. Aguilera–Zapata*, 901 F.2d 1209, 1213–14 (5th Cir.1990).

**5.** *See supra,* note 4.

just like a chance to get my life back together and be a mother to my children. I'm not one that deals with this—I'm twenty-five years old and I've never been in any type of trouble. I just was misled and blind to what was going on. So I thank you for reading my letter.

(Sentencing Transcript, at 18–19).

 As we have previously held, a defendant who expresses regret for the results of criminal conduct without admitting criminal intent does not accept responsibility within the meaning of the Sentencing Guidelines. *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir.1990). Moreover, an admission that a defendant has used poor judgment in getting involved in a situation is not an acceptance of responsibility. *United States v. Kane*, 887 F.2d 568, 573–74 (5th Cir.1989), *cert. denied sub nom. Weber v. United States*, —— U.S. ——, 110 S.Ct. 1159, 107 L.Ed.2d 1062 (1990).

In addition, this Court determined *supra* that the district court did not err in finding that Anderson obstructed justice. As Application Note 4 to § 3E1.1 provides, obstructing justice is not conduct indicative of one who accepts responsibility.

Indeed, in the initial draft of Application Note 4, § 3E1.1, an enhancement for obstruction of justice precluded a reduction for acceptance of responsibility. Although a subsequent amendment effective on November 1, 1989, provided for the application of both adjustments in "extraordinary cases," courts have employed an exacting standard to determine whether a defendant has accepted responsibility after having obstructed justice. *See, e.g., United States v. Paige*, 923 F.2d 112, 114 (8th Cir.1991) (finding that circumstances were not sufficiently extraordinary); *United States v. Edwards*, 911 F.2d 1031, 1034 (5th Cir. 1990) (upholding determination that circumstances were not sufficiently extraordinary).

However, it is not impossible to find extraordinary circumstances warranting both adjustments. At least one district court in this circuit has determined that such extraordinary circumstances existed. In *United States v. Bogas*, 731 F.Supp. 242 (N.D.Ohio 1990), *remanded on other grounds*, 920 F.2d 363 (6th Cir.1990), the defendant was sentenced for CERCLA violations and received a two-level enhancement for having made false statements to EPA investigators. Nevertheless, the district court determined that a reduction for acceptance of responsibility was warranted. The court noted that the defendant committed the crimes through a lack of understanding and that, at the time the false statements were made to the EPA officials, the defendant was already cooperating with the authorities and had, by his own cooperation, made the falseness of his statements easily ascertainable. *Id.* at 252.

The present case, however, is readily distinguishable from one such as *Bogas*. Here there was no finding that Anderson committed her crime through a lack of understanding and certainly no finding that Anderson cooperated with authorities. In addition, even were Anderson's letter truly apologetic, which the court believes it is not, the submission of this letter still falls far short of providing the extraordinary circumstances necessary to show Anderson accepted responsibility after having obstructed justice. *See United States v. Ojo*, 916 F.2d 388, 394 (7th Cir.1990). We therefore conclude that Anderson did not accept responsibility for her criminal conduct and that the district court clearly erred in granting her a two-level reduction under § 3E1.1.

## IV

For the reasons provided herein, Defendant Robert Williams' conviction for possession of a firearm during and in relation to a drug trafficking offense is hereby affirmed. Defendant Althea Anderson's conviction for possession with intent to distribute cocaine is likewise affirmed. Furthermore, the district court's two-level reduction in Anderson's sentence for playing a minor role, and the two-level enhancement for her obstruction of justice, are hereby affirmed. However, the two-level reduction for acceptance of responsibility is

hereby reversed and the case is remanded for resentencing in light of this ruling.