959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Preston Tillman BAILEY, Jr. Defendant-Appellant.
 No. 90-6281.
 United States Court of Appeals, Sixth Circuit.
 April 8, 1992.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Preston Tillman Bailey, appeals the propriety of the district court's ruling denying him standing to assert a Fourth Amendment violation. Defendant also challenges his sentence for violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2, alleging he should not have been given a two-point enhancement for a leadership role in the offense. For the following reasons, we affirm.
 
 I.
 
 2
 In late February of 1989, defendant Bailey traveled to Houston, Texas where he acquired approximately 2 kilograms of cocaine. Because he needed a way to transport the cocaine back to his home in Tennessee, he contacted Collin Taplin, who allegedly owed defendant fifteen hundred dollars, and persuaded him to take the cocaine back to Tennessee in exchange for expungement of the debt.
 
 
 3
 A deal was struck that defendant would put the cocaine in the trunk of Taplin's car, that Taplin would drive to Nashville, and defendant would then retrieve his cocaine from the trunk. Defendant provided Taplin with directions to his residence and gave him a phone number where he could reach him if needed. Taplin's instructions were that he was to drive directly to defendant's house, he was not to stop anywhere, nor was he to give the cocaine to anyone besides defendant.
 
 
 4
 On March 2, 1989, Taplin was traveling through the Jackson, Tennessee area in route to Nashville when Officer Lindsey, an undercover policemen, noticed Taplin driving in a "suspicious" manner. After following Taplin for several miles, Lindsey contacted the State Highway Patrol so that Taplin could be stopped. Eventually, Sergeant McAdams arrived and Taplin was stopped for speeding. Because Taplin appeared nervous, Trooper Lindsey asked Taplin for consent to search his car. Taplin refused, stating that he had done nothing wrong. Lindsey contacted a canine unit and detained Taplin and the car. After approximately ninety minutes, the drug dog arrived and a search was conducted.
 
 
 5
 The drug-sniffing dog made some contact with a controlled substance, but failed to pin-point the location. Asserting that the constant wind was effecting the dog's perception, the officers seized the car and removed it to the Tennessee Highway Patrol station where it could be searched in a garage.
 
 
 6
 At the station, a more intensive search was conducted and 2 kilograms of cocaine were found. A map and directions to defendant's home were also found. Taplin was given his Miranda rights and indicated he was willing to cooperate. At the government's request, Taplin called defendant and told him that he had had car trouble and sought to make arrangements for defendant to come to Jackson to pick up the cocaine. After numerous recorded telephone conversations, defendant came to Jackson. At a meeting in the Days Inn, defendant retrieved his cocaine in a controlled redelivery and was then immediately arrested.
 
 
 7
 On June 19, 1989, a grand jury indicted defendant and co-defendant Taplin in a two-count indictment. Count One charged a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 for possession with intent to distribute a controlled substance. Count Two charged defendants with conspiring to possess with intent to distribute a controlled substance in violation of 21 U.S.C. 841(a)(1).
 
 
 8
 The district court conducted a lengthy suppression hearing. At the suppression hearing, defendant Bailey took the stand in support of his own motion. He argued ownership of the drugs, which he had placed in Taplin's car, and that he had a reasonable expectation of privacy in the car, because he had placed his possession in its trunk.[1] At the conclusion of the hearing on April 4, 1990, the district court found that the search of co-defendant's Taplin's car violated Taplin's Fourth Amendment rights. The court also found that since Taplin had been in continuous custody after his seizure until the next day, his statements to the police that night and the next day were suppressible as fruit of the poisonous tree. However, the court ruled that defendant Bailey could not complain of the search, since he lacked standing because he had no reasonable expectation of privacy in Taplin's car. Thus, the map, the directions, the recorded conversations, Taplin's statements, and the cocaine were admissible against defendant.
 
 
 9
 On July 9, 1990, defendant pled guilty to the two-count indictment, reserving his right to appeal the suppression ruling. On August 24, 1990, the probation office presented defendant's presentence report to the court. Defendant objected to a two-point upward adjustment for a leadership role in the offense. On October 28, 1990, the court held a hearing and found that defendant had a leadership role and that the two-point enhancement was correct. Defendant was sentenced to seventy-six (76) months imprisonment on each of the counts with the sentences to run concurrently. Additionally, he was fined $2,000.00 for each count and a special $50.00 assessment fee for each count. Defendant filed a timely appeal.
 
 II.
 
 10
 We must first decide whether the district court erred in finding that defendant did not have standing to contest the search of Taplin's car.
 
 
 11
 Defendant contends that the district court incorrectly held that he lacked standing to challenge the search of his co-defendant's vehicle. The district court held that defendant lacked standing to challenge the illegal seizure of drugs found in Taplin's car, because the vehicle belonged to and was occupied by Taplin when it was stopped.
 
 
 12
 The cornerstone of Fourth Amendment standing is derived from Katz v. United States, 389 U.S. 347 (1967), which states that one must have a reasonable expectation of privacy in a place searched in order to contest the validity of the search. Additionally, "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." Rakas v. Illinois, 439 U.S. 128, 133-34 (1978). When a defendant is aggrieved by an allegedly illegal search of a third party's property, the defendant's own personal Fourth Amendment rights have not been violated. See United States v. Knox, 839 F.2d 285, 293 (6th Cir.1988), cert. denied, 490 U.S. 1019 (1989); United States v. Calandrella, 605 F.2d 236, 242 (6th Cir.), cert. denied, 444 U.S. 991 (1979).
 
 
 13
 A defendant's personal Fourth Amendment right has not been violated when he conceals contraband in the property of another and that property is subsequently searched unless he has a reasonable expectation of privacy in the property of the third person which was searched. In Rawlings v. Kentucky, 448 U.S. 98 (1980), petitioner Rawlings had concealed his drugs in a friend's purse, which was allegedly illegally searched. The Court found that the petitioner had known his friend for only a few days, had never sought or received access to her purse prior to his sudden bailment, had no right to exclude other persons from the woman's purse, and had no subjective expectation that the purse would remain free from governmental intrusion. Id. at 105. Therefore, even though petitioner Rawlings claimed ownership of the drugs, he had no reasonable expectation of privacy in the purse and had no standing to contest the search. Id. at 106.
 
 
 14
 A similar rationale applies in the present case. There is no evidence that defendant had sought or received access to Taplin's car previously. He had no right to exclude others from examining the trunk of the car and he had no subjective expectation that the trunk of Taplin's car would remain free from governmental intrusion. Defendant was not even present when the car, owned and operated by Taplin, was searched. For these reasons, he had no reasonable expectation of privacy in the trunk of Taplin's car.
 
 
 15
 Defendant is attempting to "piggy back" his Fourth Amendment challenge onto the privacy right of Taplin, who had a reasonable expectation of privacy in the car. However, Fourth Amendment rights are personal and an individual may not vicariously assert the right of another. Rakas, 439 U.S. at 133-34. In the present case, defendant is asserting that Taplin's property was illegally searched, but this assertion is not an adequate basis for defendant's claim that his rights were violated. Therefore the evidence found in the car was properly included against defendant and Taplin's statements were not tainted by the search of Taplin's car in regard to defendant. The district court is affirmed on this issue.
 
 III.
 
 16
 This court must next decide whether the district court properly concluded that defendant had a leadership role in the conspiracy, permitting a two-point enhancement under U.S.S.G. § 3B1.1(c).
 
 
 17
 A district court's finding under the Guidelines will not be disturbed unless such findings are clearly erroneous. See United States v. Williams, 940 F.2d 176, 182 (6th Cir.1991). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Archer v. Macomb County Bank, 853 F.2d 497, 499 (6th Cir.1988).
 
 
 18
 United States Sentencing Guideline § 3B1.1(c) provides that a defendant who is an organizer, superviser, leader or manager in any criminal activity other than that described in paragraphs (A) and (B), shall have his offense level increased by two points. This factor is employed to more fairly represent leadership culpability and profit. U.S.S.G. § 3B1.1 Commentary. To sustain an increase for a leadership role, this court requires "the participation of at least two culpable individuals--the defendant and another person--before a sentence can be enhanced for defendant's leadership activities." United States v. Cohen, 946 F.2d 430, 435-36 (6th Cir.1991). Application Note One of Guideline § 3B1.1 states that in assessing the degree of the aggravating role played by a defendant based on how many participants he supervised, "a 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." Therefore, this court's reversal of co-defendant Taplin's conviction does not mean that defendant Bailey's sentence can't be enhanced for his supervision of Taplin.
 
 
 19
 The facts used to raise defendant's sentence by two points clearly support the enhancement. The record indicates that defendant himself testified that he went to Taplin's house and asked him to transport contraband for him from Houston, Texas, to Nashville. Defendant was the source for the cocaine involved in the conspiracy and devised the scheme to carry it to Tennessee. He thus played the role of organizer and supervisor and his two-point enhancement for this leadership role was justified. The district court is affirmed on this issue.
 
 
 20
 To conclude, the judgment of the district court is hereby AFFIRMED.
 
 
 
 [1]
 The district court allowed the testimony given by defendant Bailey at the suppression hearing to be used against his co-defendant Taplin at Taplin's trial even though Bailey refused to testify at Taplin's trial. Taplin was convicted and appealed the conviction. On appeal, Taplin argued that the admission of Bailey's testimony violated his right to confront the witnesses against him and violated Fed.R. of Evid. 804(b)(1). This rule allows testimony of one who is unavailable as a witness only if the hearsay declarant testified at another hearing of the same proceeding and if the party against whom the hearsay testimony is offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. This court reversed Taplin's conviction, finding that Taplin did not have an opportunity to cross-examine Bailey at the suppression hearing and did not have a motive to question Bailey's testimony similar to the motive he would have had at trial if Bailey had been available for cross-examination. United States v. Taplin, No. 90-6198, slip op. (6th Cir. Jan. 29, 1992)