968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Sheldon SILLMAN, Defendant-Appellant
 No. 91-1130.
 United States Court of Appeals, Sixth Circuit.
 June 26, 1992.
 
 Before RYAN, BOGGS and BATCHELDER Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant-appellant, Sheldon Sillman, was convicted of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of distribution of cocaine to a minor, in violation of 21 U.S.C. § 845(a). On appeal, Sillman raises three grounds for reversal. Since none of these grounds is meritorious, we shall affirm.
 
 
 2
 Sillman first contends that the district court's jury instruction on what constitutes reasonable doubt was erroneous. This argument is without merit. The instruction given by the district court is substantially identical to the pattern jury instruction approved for use in this Circuit by judges of the district courts, see Pattern Criminal Jury Instructions, U.S. Sixth Cir. District Judges Ass'n, 1.03 (1991), and that included in a highly-respected treatise on jury instructions, see E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, § 11.14 (3d ed. 1977). In light of these authorities, we hereby approve of the instruction and reject Sillman's argument on this issue.
 
 
 3
 Sillman also challenges the sufficiency of the evidence, but only as to the conspiracy conviction. However, since Sillman failed to file a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, he has waived the right to challenge the sufficiency of the evidence. United States v. Williams, 940 F.2d 176, 180 (6th Cir.), cert. denied, 112 S.Ct. 666 (1991); United States v. Rodriguez, 882 F.2d 1059, 1063 (6th Cir.1989), cert. denied, 493 U.S. 1084 (1990); United States v. Faymore, 736 F.2d 328, 334 (6th Cir.), cert. denied, 469 U.S. 868 (1984). Unless the defendant can demonstrate "a manifest miscarriage of justice," this Court will not review the sufficiency of the evidence. Rodriguez, 882 F.2d at 1063; see Williams, 940 F.2d at 180. The record contains both direct and circumstantial evidence of a conspiracy between Sillman and non-party Anthony Bowling. This evidence was more than sufficient for the jury to convict. See United States v. Pelfrey, 822 F.2d 628, 633 (6th Cir.1987); see also United States v. Auerbach, 913 F.2d 407, 415 (7th Cir.1990). There has been no manifest miscarriage of justice; we therefore reject Sillman's contentions.
 
 
 4
 Finally, Sillman contends that the district court erred by not departing downward in sentencing. Since no motion for departure was filed in the district court, this issue is not before us on appeal. Even if the matter of departure had been properly raised below, this Court may not review a sentence imposed within the guideline range on the basis that the district court chose not to depart from the guidelines. 18 U.S.C. § 3742(a); United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989); see also United States v. Maddelena, No. 90-1619, 931 F.2d 57 (6th Cir. April 19, 1991) (Table; text in Westlaw), cert. denied, 112 S.Ct. 233 (1991).
 
 
 5
 AFFIRMED.