983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles E. DUKES, Defendant-Appellant.
 No. 92-3001.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before RALPH B. GUY, JR. and RYAN, Circuit Judges, and CHURCHILL, Senior District Judge.*
 RYAN, Circuit Judge.
 Defendant Charles Edward Dukes appeals his conviction for one count of receipt and possession of a firearm as a felon, 18 U.S.C. § 922(g)(1), and one count of possession of cocaine and marijuana with intent to distribute, 21 U.S.C. § 841(a)(1). On appeal, Dukes challenges the sufficiency of the government's evidence to prove his constructive possession of either the gun or the drugs. He has, however, waived his right to challenge his conviction on this basis because he failed to renew his motion for acquittal after the close of all the evidence. We therefore affirm.
 I.
 Law enforcement officers executed a federal search warrant at a house in Warren, Michigan in March 1991. Two officers found the defendant and another man in the basement. One officer approached Dukes, who was standing with his back to the officer, facing an ignited wood-burning stove. After handcuffing Dukes, the officer removed a bag from the stove that later tested positive for approximately 3029.5 grams of marijuana. Cocaine, totalling approximately 39.78 grams, was found in a variety of locations in the basement, and a loaded 20-gauge double-barrelled shotgun was found leaning against the basement wall. Dukes had lived in the house for two years at the time of the search, although he did not own the house.
 Dukes moved for judgment of acquittal at the close of the government's case, which motion the court denied. The defendant then presented his case-in-chief. He failed to renew the motion for acquittal. When a defendant fails to renew his motion for acquittal at the close of all the evidence, he fails to preserve the right to challenge the sufficiency of the evidence. United States v. Williams, 940 F.2d 176, 180 (6th Cir.), cert. denied, 112 S.Ct. 666 (1991). Making the motion at the close of the government's case-in-chief is not enough; unless he renews the motion, the defendant waives his objection, absent a showing of a manifest miscarriage of justice. Id. Dukes has made no argument, and we have no reason to believe, that a manifest miscarriage of justice will result from our refusal to review the district court's denial of his motion.
 
 II.
 
 1
 The district court's judgment is AFFIRMED.
 
 
 
 *
 The Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation