60 F.3d 829
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bryant WALKER, Defendant-Appellant.
 No. 94-6358.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1995.
 
 Before: CONTIE, MILBURN, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bryant Walker appeals his sentence after pleading guilty to operating a chop shop in violation of 18 U.S.C. Sec. 2322(a)(1). We affirm.
 
 I.
 
 2
 On March 9, 1994, defendant-appellant Bryant Walker ("Walker") was indicted for operating a chop shop in violation of 18 U.S.C. Sec. 2322(a)(1). On May 17, 1994, Walker pled guilty pursuant to a Rule 11 plea agreement wherein the United States agreed to recommend that Walker receive: a three-point reduction for acceptance of responsibility; and, a sentence at the low end of the applicable guideline range.
 
 
 3
 The United States Probation Office subsequently prepared Walker's presentence report. Walker objected to two provisions in the presentence report: the failure to reduce his guideline range by three levels for acceptance of responsibility; and, the addition of three levels for being a manager or supervisor of the criminal activity. The probation officer rejected Walker's objections:
 
 
 4
 As stated in the presentence report, the probation officer does not have information which would support an adjustment for acceptance of responsibility. The defendant, on advice of counsel, has not discussed the offense with the probation officer. The probation officer's information about the defendant comes from the Assistant U.S. Attorney and the FBI agent in the case. According to the FBI agent, Mr. Walker has failed to provide complete information about the offense and, on at least one occasion, has given entirely untruthful information regarding some aspects of the offense. Although this information mainly related to his son's involvement, the information is relevant conduct of the offense. Providing false information to the investigating agent appears to this officer to be inconsistent with acceptance of responsibility....
 
 
 5
 ....
 
 
 6
 According to the government, there were at least nine individuals involved in the chop shop operation. While it is true that codefendant Jackie Walker recruited the individuals responsible for the thefts, defendant Bryant Walker was fully aware of the situation. The defendant is viewed as a manager or supervisor of the chop shop in view of his participation which included planning the operation, securing the location for the chop shop, obtaining tools and equipment to cut the vehicles into pieces, and transporting the parts to Alabama. The probation officer believes the enhancement for role in the offense is properly applied.
 
 
 7
 Addendum to the Presentence Report at 1-2.
 
 
 8
 The district court held Walker's sentencing hearing on September 7, 1994. FBI Special Agent James Harcum testified that the chop shop's thirty-four storage sheds were filled with stolen vehicles and parts. Indeed, eleven stolen trucks, and parts from at least eleven additional vehicles, were recovered.
 
 
 9
 The record reveals that Walker: resided on the chop shop property; ran the chop shop; delivered the stolen parts to Delmus Holcomb in Boaz, Alabama; rented the chop shop facilities; rented the oxygen and acetylene tanks that were used to dismantle the vehicles; rented the trucks and trailers that were used to haul the parts to Alabama; was present when the stolen vehicles were dismantled; and, removed the interiors of the stolen vehicles.
 
 
 10
 When Walker was first interviewed by law enforcement officers, he denied any and all involvement in the chop shop. After the FBI identified Walker's fingerprints in the shed where the vehicles were dismantled, Walker again denied any involvement in the chop shop operation. In his third statement to the authorities, Walker admitted his involvement in the chop shop operation but lied about his son's participation. Specifically, Walker claimed responsibility for the sale of a stolen truck that, in fact, was transported and sold by his son, Mark.
 
 
 11
 The district court sentenced Walker to 51 months imprisonment, to be followed by a three-year term of supervised release. Walker timely appealed.
 
 II.
 Acceptance of Responsibility
 
 12
 On appeal, Walker asserts that "a defendant may wait until the time of the plea to make his admission about the conduct comprising the offense of conviction and still be eligible for the reduction for acceptance of responsibility."
 
 
 13
 Appellant's Brief at 14-15.
 
 
 14
 The United States Sentencing Guidelines permit a two-level acceptance of responsibility reduction when a defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). A defendant may receive a three-level reduction if, in addition to accepting responsibility, he "timely provid[es] complete information to the government concerning his own involvement in the offense[.]" U.S.S.G. Sec. 3E1.1(b)(1).
 
 
 15
 We review the district court's acceptance of responsibility determination for clear error. United States v. Williams, 940 F.2d 176, 181 (6th Cir.), cert. denied, 502 U.S. 1016 (1991). Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, " 'the clearly erroneous standard will nearly always sustain the judgment of the district court[.]' " United States v. Christoph, 904 F.2d 1036, 1041 (6th Cir.1990) (citations omitted), cert. denied, 498 U.S. 1041 (1991). See also U.S.S.G. Sec. 3E1.1, comment. (n. 5) (the determination of the sentencing judge is entitled to great deference on review). The defendant must prove, by a preponderance of the evidence, that he has accepted responsibility for his criminal conduct; a guilty plea does not entitle a defendant to an acceptance of responsibility reduction as a matter of right. United States v. Christoph, 904 F.2d at 1040.
 
 
 16
 The district court found that Walker repeatedly denied any involvement in the chop shop operation prior to his arrest, and that he refused to discuss his crime with the probation officer responsible for preparing his presentence report. Walker concedes this, but contends that he is entitled to the acceptance of responsibility reduction because he eventually gave a detailed statement to the FBI which was truthful in most, but not all, respects.
 
 
 17
 Though "[a] defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection," U.S.S.G. Sec. 3E1.1, comment. (n. 1(a)), a defendant may not refuse to provide information regarding the charge to which he is pleading guilty. See United States v. Meacham, 27 F.3d 214, 217-18 (6th Cir.1994) ("In this case, the district court concluded that Botello did not merit a reduction because he refused, on the advice of counsel, to discuss his role in the offense with the probation officer.... Because Botello was unable to show that he owned up to his criminal behavior or otherwise accepted responsibility for the offense to which he pled guilty, he failed to carry his burden of proof.").
 
 
 18
 Because Walker repeatedly lied to law enforcement officers and because he refused to discuss his role in the offense with the probation officer, the district court properly denied the acceptance of responsibility adjustment that Walker sought.
 
 Walker's Role in the Offense
 
 19
 Pursuant to the Sentencing Guidelines, a district court may increase a defendant's sentence by three levels if the court finds that the defendant was a manager or supervisor of a criminal activity and the activity involved five or more participants or was otherwise extensive in nature. U.S.S.G. Sec. 3B1.1(b).
 
 
 20
 The district court found that Walker: "supervised and ran the chop shop"; "oversaw the vehicles, he took them in, he chopped them up, and he sent them out"; "rented it, leased it, leased the equipment, was the boss out there"; and, "was a manager or supervisor of the local operation ... which had more than five participants." Joint Appendix at 63-69. The record supports the enhancement.
 
 
 21
 In Walker's detailed statement to the FBI, he admitted that: he leased the boat storage facility in Tennessee to store and dismantle stolen vehicles; Jackie Walker, "Sean," "Fred," "Kevin" and Mark Walker helped him dismantle the stolen vehicles; he and Jackie Walker delivered the parts to Delmus Holcomb; he discarded truck parts that were not sold; and, he rented the oxygen and acetylene tanks that were used to dismantle the stolen vehicles.
 
 
 22
 Because the evidence before the district court supported the role in the offense enhancement, and because the district court complied with Federal Rule of Criminal Procedure 32(c)(1),[1] we reject Walker's second assignment of error.
 
 
 23
 Accordingly, we AFFIRM.
 
 
 
 [1]
 The Federal Rules of Criminal Procedure provide:
 At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence, and must rule on any unresolved objections to the presentence report. The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections. For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing. A written record of these findings and determinations must be appended to any copy of the presentence report made available to the Bureau of Prisons.
 Fed.R.Crim.P. 32(c)(1).