85 F.3d 630
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent WARD, Defendant-Appellant.
 No. 95-6221.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1996.
 
 1
 Before: NELSON and BATCHELDER, Circuit Judges; MCKEAGUE, District Judge.*
 
 ORDER
 
 2
 This is a direct appeal from a sentence imposed under the sentencing guidelines. The parties have waived oral argument, and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1995, Vincent Ward pleaded guilty to one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The court sentenced Ward to a 151-month term of incarceration and a five year period of supervised release. This appeal followed. The parties have briefed the issues through counsel.
 
 
 4
 Ward and four other individuals were originally arrested in connection with a routine traffic stop near Memphis, Tennessee. The arresting officer found some crack cocaine (cocaine base) on the floor of the automobile near Ward, who immediately claimed the substance as his. Ward and another passenger, Duncan, were eventually taken to a police station and placed in the same room together. The authorities surreptitiously recorded their ensuing conversation. In this conversation, Ward offered to take full responsibility for possession of the cocaine base in exchange for $3,000 from Duncan. Ward said he would then post bond with the money, flee the jurisdiction, and not return for his court appearance.
 
 
 5
 The district court was presented with the recordings of this conversation at Ward's sentencing. Ward gave an exculpatory explanation for his offer to Duncan, but the court did not credit Ward's story. Instead, the court accepted the substance of the Ward/Duncan conversation at face value. Finding that Ward had attempted to obstruct justice, the court increased his base offense level by two pursuant to USSG § 3C1.1. The court denied Ward's request for an offense level reduction for acceptance of responsibility under USSG § 3E1.1.
 
 
 6
 Ward contends on appeal that the district court erred in enhancing his sentence for an obstruction of justice. This court reviews a § 3C1.1 enhancement de novo, for the most part, because the matter turns primarily on the interpretation of a guideline term. United States v. Sanchez, 928 F.2d 1450, 1458 (6th Cir.1991). The determination of whether the conduct underlying the enhancement is willful or material, however, is reviewed for clear error. United States v. Garcia, 20 F.3d 670, 675 (6th Cir.1994), cert. denied, 115 S.Ct. 1120 (1995).
 
 
 7
 An attempted escape from custody prior to trial or sentencing, or a willful failure to appear at a judicial proceeding as ordered, can constitute an obstruction of justice. USSG § 3C1.1, comment (n. 3(e)); United States v. Perry, 908 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). In this case the district court found that Ward's offer was genuine, and Ward has not set forth sufficient reasons for finding that conclusion to be clear error. Ward's offer to Duncan was the first step in a willful attempt to escape or fail to appear, and the § 3C1.1 enhancement will not be disturbed on appeal.
 
 
 8
 Ward also contends that the district court erred in not reducing the base offense level pursuant to the terms of USSG § 3E1.1. Ward's acceptance of responsibility was evidenced, he argues, by his guilty plea.
 
 
 9
 A district court's refusal to award a § 3E1.1 reduction is reviewed under a clear error standard. United States v. Zimmer, 14 F.3d 286, 289 (6th Cir.1994). The district court's determination is to be accorded great deference on appeal. United States v. Williams, 940 F.2d 176, 181 (6th Cir.), cert. denied, 502 U.S. 1016 (1991). In addition, the guidelines provide that conduct amounting to obstruction of justice ordinarily indicates that the actor has not accepted responsibility within the meaning of § 3E1.1. USSG § 3E1.1, comment (n. 4). An exception is recognized for "extraordinary cases." Id.
 
 
 10
 Pointing out that he never actually jumped bond, Ward argues that the inchoate nature of his "conduct," coupled with his speedy acknowledgment of guilt, merits the § 3E1.1 reduction. But the district court believed, with ample justification, that Ward intended to avoid further prosecution after jumping bond and that, absent intervention, he would have been successful. This conclusion is not clearly erroneous. In the absence of any precedent or facts to place this case in the category of "extraordinary cases," the district court's refusal to reduce Ward's base offense level pursuant to § 3E1.1 must stand.
 
 
 11
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation