108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nancy COLLINS, Lula Belle Owens, and Jose Luis Sifuentes,
Defendants-Appellants.
 Nos. 95-1871, 95-1872 and 95-2275.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1997.
 
 Before: CONTIE, RYAN, and BOGGS, Circuit Judges
 PER CURIAM.
 
 
 1
 Nancy Collins, Lula Owens, and Jose Sifuentes challenge their convictions and sentences stemming from their marijuana trafficking activities. We affirm.
 
 I.
 
 2
 In June 1994, the Van Buren County Sheriff's Department learned from a confidential informant that James Weaver and defendant-appellant Jose Sifuentes were trafficking marijuana, and that a large quantity of marijuana hidden in a vehicle with Texas license plates would arrive at defendant-appellant Lula Owens' residence in Michigan within a few days.
 
 
 3
 On June 23, 1994, law enforcement officers saw a pickup truck and an attached trailer (bearing Texas license plates) parked at Owens' residence at approximately 3:30 in the afternoon. At approximately 8:20 that evening, Joyce Gibson drove the pickup truck to Nina Richardson's residence as Owens followed in another vehicle. At approximately 9:20 p.m., a Lincoln Continental driven by Weaver parked in front of Richardson's house. Weaver exited the automobile carrying three large boxes. Weaver, Sifuentes and defendant-appellant Nancy Collins carried the boxes into Richardson's house. Owens and Weaver subsequently drove away.
 
 
 4
 Shortly after midnight, a van drove up and parked in front of Richardson's residence. A man exited the van and entered the house. The man exited the house minutes later carrying a large box. Law enforcement officers stopped the van as it drove away. The driver, Ronald Hufford, allowed the officers to search the van; officers discovered a triple-beam scale and a box containing approximately twenty pounds of marijuana. Hufford immediately agreed to cooperate with the officers and told them that Collins and Sifuentes had sold him the marijuana.
 
 
 5
 After obtaining a warrant, law enforcement officers discovered approximately 150 pounds of marijuana in Richardson's house. Though Sifuentes and Collins were not inside the house when it was searched, the officers determined that Sifuentes and Collins had fled Richardson's house on foot in the rain when they heard the officers approaching. The officers then drove to Owens' house where they found Collins, Gibson, Owens and Weaver. Collins' hair was wet and her muddy blue jeans were in Owens' washing machine. Officers also found documents burning in the sink.
 
 
 6
 On October 24, 1994, Collins, Gibson, Owens, Sifuentes and Weaver were indicted. Count 1 of the indictment charged all the defendants with conspiring to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. Count 2 charged Collins, Owens, Sifuentes and Weaver with possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Count 3 of the indictment charged Collins and Sifuentes with distributing approximately 20 pounds of marijuana in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.
 
 
 7
 On February 6, 1995, a final pretrial conference was scheduled before Judge Enslen in Kalamazoo, Michigan. Collins and Sifuentes failed to appear; warrants were issued for their arrests. Gibson and Weaver pled guilty pursuant to plea agreements.
 
 
 8
 On February 13, 1995, Collins was arrested in Laredo, Texas, near the Mexican border. On April 18, 1995, Collins' and Owens' trial began in district court before Judge Quist. At trial, the evidence revealed that: large quantities of marijuana and cash were stored in Owens' residence; Collins traveled with Sifuentes to Texas three times to obtain marijuana; Owens rented a locker to store the marijuana in June 1994; and Hufford purchased marijuana from Collins and Owens on three occasions. On April 27, 1995, the jury found Collins guilty of the three crimes charged in the indictment. The jury found Owens guilty of the conspiracy charged in Count 1 of the indictment, but not guilty of possessing marijuana with intent to distribute as charged in Count 2. On July 26, 1995, Collins was sentenced to 84 months in prison (Counts 1 and 2) and 60 months (Count 3), the sentences to run concurrently. Owens was sentenced to 41 months in prison.
 
 
 9
 Sifuentes was subsequently arrested in Texas. On July 31, 1995, Sifuentes pled guilty to the crimes charged in the indictment pursuant to a written plea agreement. On October 25, 1995, Judge Enslen sentenced Sifuentes to concurrent 135-month terms of imprisonment (Counts 1 and 2) and a concurrent 60-month term (Count 3).
 
 
 10
 Collins, Owens and Sifuentes filed timely notices of appeal.
 
 II.
 Sufficiency of the Evidence
 
 11
 Collins and Owens assert that their convictions are not supported by sufficient evidence. Though Collins and Owens moved for a judgment of acquittal at the close of the prosecution's case, the defendants failed to renew their motion at the close of evidence. A defendant who fails to renew his motion for acquittal under Federal Rule of Criminal Procedure 29 at the close of all the evidence waives any objection to the sufficiency of the evidence. See United States v. Williams, 940 F.2d 176, 180 (6th Cir.) ("Absent a showing of a manifest miscarriage of justice, this court will not review a district court denial of a Rule 29 motion where a defendant does not renew that motion at the close of all the evidence."), cert. denied, 502 U.S. 1016 (1991). Accordingly, we need not review the appellants' sufficiency of the evidence claim absent a manifest miscarriage of justice.
 
 
 12
 The record reveals that Collins: traveled to Texas with Sifuentes three times to obtain marijuana; helped carry three boxes of marijuana into Richardson's house on June 23, 1994; sold marijuana to Hufford on three occasions (including approximately twenty pounds on June 23, 1994); and fled to Texas while on bond to avoid trial. Similarly, the record reveals that Owens: stored large quantities of marijuana and cash at her house; rented a locker to store the marijuana in June 1994; and was at Richardson's house shortly before police searched it and discovered approximately 150 pounds of marijuana.
 
 
 13
 Though Collins and Owens suggest that the evidence is suspect because of the inherent unreliability of the government's witnesses and the prosecution's reliance on circumstantial evidence, this court has repeatedly and consistently held that such determinations challenge the quality of the government's evidence, not the sufficiency of the evidence. See United States v. Wright, 16 F.3d 1429, 1440 (6th Cir.) ("In cases in which we assess the sufficiency of the evidence, we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury."), cert. denied, 512 U.S. 1243 (1994).
 
 
 14
 Owens also asserts that the prosecution failed to prove that she participated in the drug trafficking conspiracy. "In order to obtain a conviction under 21 U.S.C. § 846, 'the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join and participated in the conspiracy.' " United States v. Ferguson, 23 F.3d 135, 140 (6th Cir.), cert. denied, 115 S.Ct. 259 (1994) (citations omitted). "The existence of a connection to the conspiracy must be shown beyond a reasonable doubt, but the importance of the connection need not be great." United States v. Betancourt, 838 F.2d 168, 174 (6th Cir.), cert. denied, 486 U.S. 1013 (1988). We believe that the prosecution established Owens' involvement in the conspiracy. Indeed, in addition to the evidence noted above, the prosecution presented wire transfer records detailing Owens' payments to her coconspirators. Moreover, Gibson and Hufford testified against Owens and implicated her in the conspiracy.
 
 
 15
 Because we do not find a manifest miscarriage of justice, we reject the appellants' insufficiency of the evidence claims.
 
 The Prosecution's Peremptory Challenge
 
 16
 Collins and Owens assert that the United States' use of a peremptory challenge to excuse the only African-American on the jury venire violated their equal protection rights.[1] In response, the United States asserts that it dismissed the African-American juror for race-neutral reasons.
 
 
 17
 In Batson v. Kentucky, 476 U.S. 79 (1986), the Supreme Court held that the use of peremptory challenges to exclude a juror solely on the basis of race violates the Equal Protection Clause of the Fourteenth Amendment. Under Batson, the party contesting a peremptory challenge must first make a prima facie showing that the juror was struck because of his or her race. United States v. Tucker, 90 F.3d 1135, 1142 (6th Cir.1996). Thereafter, the party exercising the peremptory challenge must articulate a race-neutral explanation for the strike. Id. If a race-neutral explanation is offered, the trial court must determine whether the party opposing the strike proved purposeful discrimination. Id.
 
 
 18
 The record in this action reveals that the challenged juror was the only African-American in the jury venire. When defense counsel objected to the challenge, the prosecutor offered a race-neutral explanation for dismissing the juror:
 
 
 19
 I'm seeking jurors that are more elderly, more experienced in life experiences. She's only twenty years old....
 
 
 20
 ....
 
 
 21
 My goal in impaneling a juror was education, first off, those that have more life experiences, later on in life, and have an ability to experience a lot of things through life.
 
 
 22
 Because of her tender years and her lack of education, I will be exercising a peremptory challenge when I go back to my chair.
 
 
 23
 ....
 
 
 24
 [Moreover,] the father of her two children who I believe she still had a relationship with was on probation for a controlled substance abuse violation....
 
 
 25
 Appellee's Brief at 24-25.
 
 
 26
 In Purkett v. Elem, 115 S.Ct. 1769 (1995), the Supreme Court held that the race-neutral explanation need not be "persuasive, or even plausible." Id. at 1771. "It is not until the third step that the persuasiveness of the justification becomes relevant--the step in which the trial court determines whether the opponent of the strike has carried his burden of proving purposeful discrimination." Id. (citations omitted). Because Collins and Owens failed to rebut the United States' race-neutral explanation for dismissing the lone African-American juror, we reject their second assignment of error.
 
 
 27
 Quantity of Marijuana Attributable to Collins
 
 
 28
 On appeal, Collins asserts that she was not responsible for trafficking more than 100 kilograms of marijuana. We must accept the district court's quantity of marijuana determination absent clear error. United States v. Walton, 908 F.2d 1289, 1300-01 (6th Cir.), cert. denied, 498 U.S. 990 (1990).
 
 
 29
 The government bears the burden of proving the quantity of drugs attributable to a defendant by a preponderance of the evidence. Id. at 1302. See generally U.S.S.G. § 2D1.1, comment. (n. 12) ("Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance."). The base offense level shall be determined by considering all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity. U.S.S.G. § 1B1.3(a)(1)(B).
 
 
 30
 Collins traveled to Texas with Sifuentes three times to obtain marijuana. Moreover, Collins helped carry three boxes of marijuana into Richardson's house on June 23, 1994, shortly before police searched the house and discovered 150 pounds of marijuana. After considering Gibson's and Hufford's testimony and the marijuana found in Richardson's house, the district court found that Collins was responsible for trafficking more than 100 kilograms of marijuana. Because the district court's determination is not clearly erroneous, we reject Collins' third assignment of error.
 
 Sifuentes' Acceptance of Responsibility
 
 31
 On appeal, Sifuentes asserts that the district court should have reduced his base offense level by three levels for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). A defendant must demonstrate acceptance of responsibility by a preponderance of the evidence, United States v. Mahaffey, 53 F.3d 128, 134 (6th Cir.1995), and the district court's findings regarding a defendant's acceptance of responsibility will be reversed only if clearly erroneous. United States v. Hill, 79 F.3d 1477, 1487 (6th Cir.), cert. denied, 117 S.Ct. 158 (1996).
 
 
 32
 Sifuentes fled Michigan prior to trial and was arrested months later in Texas near the Mexican border. Though he pled guilty, he did so in exchange for the United States' promise not to prosecute him for fleeing Michigan prior to trial. Because the district court's acceptance of responsibility determination is not clearly erroneous, we reject Sifuentes' assignment of error.
 
 
 33
 Accordingly, we AFFIRM the district court's determinations.
 
 
 
 [1]
 Under Powers v. Ohio, 499 U.S. 400 (1991), it is irrelevant that Collins and Owens are white. "[W]hite defendants are now accorded the same equal protection right as minority defendants to prevent the systematic exclusion of minority jurors." Echlin v. LeCureux, 995 F.2d 1344, 1348 (6th Cir.), cert. denied, 510 U.S. 993 (1993)