**Ronald G. SCRANTON,
Petitioner-Appellant,**

v.

**W. J. WHEALON, Superintendent,
Respondent-Appellee.**

No. 74–2068.

United States Court of Appeals,
Sixth Circuit.

March 18, 1975.

---

Mancino, Mancino & Mancino by Paul Mancino, Cleveland, Ohio (court appointed—CJA), for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Leo J. Conway, Robert D. Doane, Columbus, Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and HERMANSDORFER,[*] District Judge.

PER CURIAM.

■ Appellant appeals from denial of a writ of habeas corpus in the United States District Court for the Northern District of Ohio, Eastern Division. On consideration of the briefs, oral arguments and record (particularly the record at the time appellant pled guilty to second degree murder in response to the dropping of a first degree murder charge)[1] this court feels that the record disclosed that a plea of guilty was voluntarily made for the reasons carefully spelled out by the District Judge in his Memorandum Opinion and Order, dated June 17, 1974.

■ Appellant also contends, however, that the record does not disclose his personal waiver of his right to a jury trial in a colloquy with the trial judge who took the plea, and therefore, contends that this was a silent waiver condemned by Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Appellant's plea of guilty was presented before the *Boykin* case was decided.

This court in 1970 decided that *Boykin* should be applied prospectively, reasoning as follows:

"The petitioner further contends that Rule 11 of the Federal Rules of Criminal Procedure as applied to the states by the Fourteenth Amendment was not complied with."

---

[*] Honorable H. David Hermansdorfer, United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1] In his colloquy with the sentencing judge, appellant quite voluntarily confessed the crime:

THE COURT: The Court will accept the recommendation of the prosecutor and will accept the plea of guilty to murder in the second degree, a lesser but included offense to the first count of the indictment.

Is there anything that you care to tell this Court, anything you care to say to this Court before he imposes sentence?

THE DEFENDANT: Yes, sir, there is, your Honor. There is. I would like to show my gratitude to the Court for giving me another opportunity in order to face society as a man and I'd like to say I'm sorry for the girl's death that I caused upon her and I wished her family and God could find it in their hearts to forgive me for this thing I did.

Since the filing of appellant's petition, the Supreme Court has decided McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), holding that Rule 11 of the Federal Rules of Criminal Procedure should be strictly enforced and Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), holding that the *McCarthy* decision applied only prospectively. Both of these decisions, however, concerned the interpretation and application of a federal rule of criminal procedure and neither purport to control state court criminal procedure.

In *Halliday* (still talking, of course, about federal criminal cases) the Court said:

"However, a defendant whose plea has been accepted without full compliance with Rule 11 may still resort to appropriate post-conviction remedies to attack his plea's voluntariness. Thus, if his plea was accepted prior to our decision in *McCarthy*, he is not without a remedy to correct constitutional defects in his conviction. *Cf.* Johnson v. New Jersey, *supra,* at 730 [384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966)]. \* \* In *McCarthy* we noted that the practice we were requiring had been previously followed by only one Circuit; that over 85% of all convictions in the federal courts are obtained pursuant to guilty pleas; and that prior to Rule 11's recent amendment, not all district judges personally questioned defendants before accepting their guilty pleas. Thus, in view of the general application of Rule 11 in a manner inconsistent with our holding in *McCarthy,* and in view of the large number of constitutionally valid convictions that may have been obtained without full compliance with Rule

11, we decline to apply *McCarthy* retroactively." Halliday v. United States, *supra* at 833, 89 S.Ct. at 1499.

Appellant's counsel now points to *Boykin, supra* (decided after the District Judge's opinion in our instant case) as making Rule 11 fully applicable to state court criminal proceedings. We do not find language in *Boykin* to support this view and if we did, we believe that the prospective rule adopted in relation to federal cases in *Halliday, supra,* would apply a fortiori to state court cases.

Lawrence v. Russell, 430 F.2d 718, 720–21 (6th Cir. 1970), cert. denied, 401 U.S. 920, 91 S.Ct. 907, 27 L.Ed.2d 823 (1971).

Other circuits have decided the same question the same way. United States ex rel. Hughes v. Rundle, 419 F.2d 116, 118 (3d Cir. 1969); Moss v. Craven, 427 F.2d 139, 140 (9th Cir. 1970); Meller v. State of Missouri, 431 F.2d 120, 124 (8th Cir. 1970), cert. denied, 400 U.S. 996, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971); United States ex rel. Rogers v. Adams, 435 F.2d 1372, 1374 (2d Cir. 1970), cert. denied, 404 U.S. 834, 92 S.Ct. 569, 30 L.Ed.2d 554 (1971); Freeman v. Page, 443 F.2d 493, 496 (10th Cir.), cert. denied, 404 U.S. 1001, 92 S.Ct. 115, 30 L.Ed.2d 64 (1971).

The Fourth, Fifth and Tenth Circuits have likewise held (in post-*Boykin* cases) that *Boykin* does not require the specific judicial colloquy mandated by Rule 11 of the Federal Rules of Criminal Procedure. Wade v. Coiner, 468 F.2d 1059 (4th Cir. 1972); McChesney v. Henderson, 482 F.2d 1101 (5th Cir. 1973), cert. denied, 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974); Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973).

For the reasons stated above, the judgment of the District Court is affirmed.