**James H. HENDRON,
Petitioner-Appellant,**

v.

**Henry E. COWAN, Superintendent,
Kentucky State Penitentiary,
Respondent-Appellee.**

No. 75-1169.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 4, 1976.

Decided April 6, 1976.

James H. Hendron, Gerald N. Springer, Cincinnati, Ohio (Court-appointed CJA), for petitioner-appellant.

Ed W. Hancock, Atty. Gen. of Kentucky, Victor Fox, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee.

Before PHILLIPS, Chief Judge, and WEICK and MILLER, Circuit Judges.

PER CURIAM.

James Hendron appeals from the denial of his application for a writ of habeas cor-pus. In February 1966, he was charged on two counts of armed robbery and one count of malicious shooting without wounding with intent to kill. At the time of his arrest, Hendron was a juvenile. The juvenile court judge waived jurisdiction and transferred the case to the Circuit Court of Fayette County, Kentucky. He was thereafter indicted by the Grand Jury on three charges.

On September 8, 1966, with the advice of retained counsel, Hendron entered a guilty plea to all three counts of the indictment, and was sentenced to two terms of ten years to run concurrently, and one six year term to run consecutively. He was paroled but his parole subsequently was revoked and he was returned to the penitentiary in 1972.

Thereupon, Hendron attempted to vacate his sentence on various constitutional grounds, including the allegation that his guilty plea was involuntary. On May 4, 1973, the Fayette Circuit Court denied the motion to vacate the judgment. This decision was subsequently affirmed by the Kentucky Court of Appeals on November 9, 1973. *Hendron v. Commonwealth*, Ky., 501 S.W.2d 795. Having exhausted all post conviction remedies in the Kentucky courts, Hendron filed a petition for writ of habeas corpus in the District Court on December 12, 1973.

On his appeal Hendron contends: 1) the record shows that his plea of guilty was not voluntary under the standards prevailing at the time the plea was entered (pre-*Boykin*); and, 2) the standards enunciated by the Supreme Court in *Boykin v. Alabama*, 395 U.S. 238, 69 S.Ct. 1302, 93 L.Ed. 1879 (1969), should be applied retroactively and that he should be afforded relief since the record fails to show compliance with those standards.

We affirm.

The District Court made findings of fact that the plea of guilty was prompted by the overwhelming evidence against him, and that at the time of the entry of the plea, Hendron was informed of the nature of the

indictment and the consequences of pleading guilty. These findings are fully supported by the record.

Asserting that *Boykin* should be applied retroactively, Hendron contends that his guilty plea was invalid because the record does not affirmatively show the plea was given intelligently and voluntarily. This court has held that *Boykin* should not be applied retroactively. *See, Scranton v. Whealon*, 514 F.2d 99, 101 (6th Cir. 1975); *Lawrence v. Russell*, 430 F.2d 718, 720–21 (6th Cir. 1970).

In *Scranton*, we said:

Other circuits have decided the same question the same way. *United States ex rel. Hughes v. Rundle*, 419 F.2d 116, 118 (3d Cir. 1969); *Moss v. Craven*, 427 F.2d 139, 140 (9th Cir. 1970); *Meller v. State of Missouri*, 431 F.2d 120, 124 (8th Cir. 1970), cert. denied, 400 U.S. 996, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971); *United States ex rel. Rogers v. Adams*, 435 F.2d 1372, 1374 (2d Cir., 1970), cert. denied, 404 U.S. 834, 92 S.Ct. 115, 30 L.Ed.2d 64 (1971); *Freeman v. Page*, 443 F.2d 493, 496 (10th Cir.), cert. denied, 404 U.S. 1001, 92 S.Ct. 569, 30 L.Ed.2d 554 (1971).

The Fourth, Fifth and Tenth Circuits have likewise held (in post-*Boykin* cases) that *Boykin* does not require the specific judicial colloquy mandated by Rule 11 of the Federal Rules of Criminal Procedure. *Wade v. Coiner*, 468 F.2d 1059 (4th Cir. 1972); *McChesney v. Henderson*, 482 F.2d 1101 (5th Cir. 1973), cert. denied, 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974); *Stinson v. Turner*, 473 F.2d 913 (10th Cir. 1973). 514 F.2d at 101.

Accordingly, we agree with the District Court that Hendron's plea was given intelligently and voluntarily under pre-*Boykin* standards; consequently, it is unnecessary to consider the other allegations of constitutional deprecations. *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *Tollet v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

The judgment of the District Court is affirmed.