812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis Lee RAY, Petitioner-Appellant,
v.
John REES, Warden, Respondent-Appellee.
 No. 86-5719.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1987.
 
 Before KEITH, KRUPANSKY and GUY, Circuit Judges.
 
 ORDER
 
 1
 This Kentucky state prisoner moves the Court to appoint counsel in his appeal from a district court judgment summarily dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. Petitioner sought to attack his 1969 conviction obtained on his plea of guilty to five counts of dwelling house breaking. He received a five year sentence. Although this sentence is fully served, petitioner has met the "in custody" requirement of Sec. 2254(a) by asserting that he is suffering collateral consequences of the alleged infirm conviction as it served as a basis for his 1980 conviction for being a persistent felony offender.
 
 
 2
 Petitioner sought to attack his 1969 guilty plea conviction on the ground that it was invalid pursuant to the dictates of Boykin v. Alabama, 395 U.S. 238 (1969). Furthermore, petitioner argued that neither the court nor his counsel conducted an inquiry to ensure that the plea was knowing, voluntary and intelligent. He claims he was afforded no due process protection.
 
 
 3
 The district court summarily dismissed the petition for lack of exhaustion of state court remedies and for being without merit as this Court has determined that Boykin v. Alabama, supra, is not to be applied retroactively. See Hendron v. Cowan, 532 F.2d 1081 (6th Cir.1976).
 
 
 4
 Upon review of the cause, we conclude that the district court's judgment must be vacated and the cause be remanded for further consideration.
 
 
 5
 First of all, there is no exhaustion problem in this case. By failing to file a motion to vacate under Kentucky Criminal Rule 11.42 while he was serving his sentence on his prior conviction and by failing to file it prior to his trial on the persistent felony offender charge, petitioner waived his right to pursue this remedy pursuant to established Kentucky state law. See Gross v. Commonwealth, 648 S.W.2d 853 (1983); Alvey v. Commonwealth, 648 S.W.2d 858 (1983). While there is no exhaustion problem in the case, there is a problem of determining whether the petitioner has waived his right to assert his claims in a habeas corpus proceeding by failing to first present his claims in the state courts. On remand of this matter, the district court should determine whether the petitioner can establish cause and prejudice to excuse his failure to pursue his state court remedies. See Leroy v. Marshall, 757 F.2d 94, 97-100 (6th Cir.1985).
 
 
 6
 Finally, it is clear that the petitioner has facially stated a valid claim for habeas corpus relief despite the fact that Boykin v. Alabama, supra, is not applicable to his case. Under pre-Boykin standards, a plea of guilty was still required to be entered knowingly, voluntarily and intelligently. See Brady v. United States, 397 U.S. 742, 747-48 nn. 4, 5 & 6 (1970); Brown v. Swenson, 487 F.2d 1236, 1240-41 (8th Cir.1973), cert. denied, 416 U.S. 944 (1984); Knight v. State of Minnesota, 484 F.2d 104 (8th Cir.1973). As the Supreme Court stated in North Carolina v. Alford, 400 U.S. 25, 31 (1970), one year after Boykin was decided, "The standard was and remains whether the plea represents a voluntary and intelligent choice among alternative courses open to the defendant."
 
 
 7
 The district court's conclusion that Boykin is not to be applied retroactively, therefore, was simply not dispositive of petitioner's entire argument. On remand, if the district court concludes that the petitioner has not waived his right to present his claims, the district court should, accordingly, determine whether the petitioner entered a plea that represents a voluntary and intelligent choice among his alternatives.
 
 
 8
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is vacated and the cause is remanded for further consideration consistent with the above discussion pursuant to Rule 9(d)(4), Rules of the Sixth Circuit. Petitioner's motion for the appointment of counsel is also hereby denied without prejudice to his filing the request in the district court.