819 F.2d 289
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry Spencer McGEE, Petitioner-Appellant,
v.
John W. DUNCAN, Respondent-Appellee.
 No. 87-5161.
 United States Court of Appeals, Sixth Circuit.
 May 27, 1987.
 
 Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Petitioner appeals an order of the district court which dismissed his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Petitioner also moves for the appointment of counsel. Upon examination of the record and petitioner's brief, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner, who is currently incarcerated in consequence of his having been adjudged a persistent felony offender in the first degree under Ky. Rev. Stat. Sec. 532.080(3), filed a petition for a writ of habeas corpus in the district court for the Western District of Kentucky. In support of his request for that relief, he maintained: 1) that he did not receive the effective assistance of counsel due to his attorney's failure to discover that the two prior felony convictions utilized to establish his status as a persistent felony offender were the products of guilty pleas entered in violation of Boykin v. Alabama, 395 U.S. 238 (1969); and 2) that he was improperly denied an evidentiary hearing in his collateral attack of his conviction in state court which had been brought pursuant to Rule 11.42, Kentucky Rules of Criminal Procedure. The district court, however, determined that both those contentions were without merit and therefore ordered the dismissal of the petition for a writ of habeas corpus. This appeal ensued.
 
 
 3
 The district court did not err in dismissing the petition for a writ of habeas corpus. First, as to his allegation of ineffective assistance of counsel, inspection of the record demonstrates that the requirements of Boykin, 395 U.S. at 238, were either scrupulously followed or were simply inapplicable to the guilty pleas which gave rise to the prior felony convictions underlying petitioner's subsequent prosecution as a persistent felony offender. Scranton v. Whealon, 514 F.2d 99 (6th Cir. 1975) (per curiam). Moreover, petitioner's claim of entitlement to an evidentiary hearing in his state court collateral attack of his conviction does not challenge the constitutional validity of his confinement, but is merely a question of state law. Such a matter is simply not an appropriate subject of a petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254.
 
 
 4
 Therefore, the motion for appointment of counsel is hereby denied and the district court's final order entered January 13, 1987, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.