**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Curtis HOFFMAN, Defendant–Appellant.**

**No. 92–1042.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 1, 1992.

Decided Dec. 22, 1992.

John C. Bruha (briefed), Mark V. Cóurtade, Asst. U.S. Atty. (argued), Grand Rapids, MI, for plaintiff-appellee.

Lawrence J. Phelan (argued and briefed), Grand Rapids, MI, for defendant-appellant.

Before: KEITH, JONES, and BOGGS, Circuit Judges.

KEITH, Circuit Judge.

Appellant, Curtis Hoffman, appeals the sentence entered pursuant to his plea of guilty to drug distribution. Hoffman was named in three counts of a superseding indictment issued on January 25, 1991, by a grand jury in the Western District of Michigan. Count one of the indictment charged Hoffman with conspiracy to possess with intent to distribute, and conspiracy to distribute over 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count four charged Hoffman with possession with intent to distribute approximately 25 pounds of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(a)(1)(D), and 18 U.S.C. § 2. Hoffman was charged in count seven with possession with intent to distribute approximately 200 pounds of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and also 18 U.S.C. § 2. Hoffman was also named, along with several other defendants, in count ten of the indictment, which alleges criminal forfeiture. For the reasons stated below, we AFFIRM.

## I.

On August 22, 1991, Hoffman accepted a plea agreement whereby he pled guilty to counts four and seven of the indictment in exchange for dismissal of the remaining counts against him. On November 11, 1991, Hoffman filed two objections to the government's presentence report. He challenged both the inclusion of certain prior convictions in his criminal history category and the probation officer's recommendation that his sentence be enhanced by two levels for obstruction of justice.

A hearing on Hoffman's objections was held on December 17, 1991. With respect to his objection to enhancement for obstruction of justice, Garry Sheldon, the brother of a subpoenaed government witness, testified that Hoffman threatened that his "people" from Kentucky would attend his trial and would "take care" of the witnesses testifying against him. Hoffman testified that he made no such threat. However, based on the credibility of Hoffman and the government's witness,

the court found by a preponderance of the evidence that Hoffman made the threat. Accordingly, the court overruled Hoffman's objection to the enhancement of his sentence for obstruction of justice.

The court also considered Hoffman's objections to the inclusion of prior state court convictions from 1984 and 1987. Hoffman claims these convictions are invalid because he was not completely informed by the court of all of his rights, as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The district court rejected this argument, however, on the grounds that Hoffman failed to establish that his 1984 and 1987 pleas were not knowingly and voluntarily made. Accordingly, the court rejected Hoffman's objection and included these convictions within his criminal history computation.

The district court sentenced Hoffman to (120) months imprisonment on count seven and sixty (60) months on count four, to run concurrently and to be followed by four years of supervised probation. This timely appeal followed, raising challenges to the use of the 1984 and 1987 convictions in Hoffman's criminal history computation and the enhancement of his sentence for obstruction of justice.

## II.

### A. COLLATERAL CHALLENGES TO PRIOR CONVICTIONS

■ Hoffman first challenges the use of a 1984 conviction for driving while impaired and a 1987 conviction for assault and battery in his criminal history computation. The 1987 version of Application Note 6 of U.S.S.G. § 4A1.2 reads in pertinent part:

Sentences resulting from convictions that have been reversed or vacated because of errors of law, or because of subsequently-discovered evidence exonerating the defendant, are not to be counted. Any other sentence resulting in a valid conviction is to be counted in the criminal history score. **Convictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score.**

U.S.S.G. § 4A1.2, Application Note 6 (Nov. 1, 1987 ed.) (emphasis added). In *United States v. Bradley*, 922 F.2d 1290, 1297 (6th Cir.1991), this Circuit interpreted that language to mean that a defendant may collaterally attack the inclusion of prior convictions into his criminal history computation. The government, however, argues that the district court erred in allowing Hoffman to collaterally attack his prior state court convictions at sentencing. The government relies on the 1990 amended version of Application Note 6 to U.S.S.G. § 4A1.2 which reads:

> Sentences resulting from convictions that have been reversed or vacated because of errors of law, or because of subsequently-discovered evidence exonerating the defendant, are not to be counted. Also, sentences resulting from **convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted.**

U.S.S.G. § 4A1.2, Application Note 6 (Nov. 1, 1990 ed.) (emphasis added). Despite the 1990 amended version of Application Note 6, the district court appropriately exercised its discretion pursuant to a Background Note to § 4A1.2 which was also amended in 1990 and reads:

> Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed. **The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction.**

U.S.S.G. § 4A1.2, Application Notes, Background Note (Nov. 1, 1991 ed.) (emphasis added). Although Hoffman's sentencing occurred on December 17, 1991, after the effective date of the amended Note 6, the offense of which he was sentenced for occurred prior to the amendment of Note 6. Accordingly, the district court concluded, and we agree, that applying the amended Application Note 6 to Hoffman would cause an *ex post facto* problem.[1] Therefore, we think the district court was correct in using its discretion as permitted under the sentencing guidelines to consider Hoffman's challenge to his prior convictions.

■ This Circuit has not previously decided the effect of the amended versions of Application Note 6 and the Background Note to U.S.S.G. § 4A1.2 as they apply to collateral attacks to prior convictions. However, we adopt the view of the Second, Fifth, Eleventh, and Ninth Circuits that it is within a district court's discretion to determine whether a defendant may collaterally attack the use of prior convictions at sentencing where the defendant has not previously challenged the convictions.[2] Explaining the 1990 amendment to Note 6, in *United States v. Cornog*, 945 F.2d 1504 (11th Cir.1991), the Eleventh Circuit wrote:

> A 1990 amendment to application note 6 ... clarifies that a district court may never count convictions previously held invalid in sentencing a defendant, but that it has discretion to conduct a collateral inquiry to determine whether challenged convictions, which the defendant has not previously contested, are invalid and, hence, must be ignored.

*Cornog*, 945 F.2d at 1504. *See also United States v. Guthrie*, 931 F.2d 564, 570, n. 4 (9th Cir.1991); *United States v. Jakobetz*, 955 F.2d 786, 805 (2nd Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 104, 121 L.Ed.2d 63 (1992); *and United States v. Canales*, 960 F.2d 1311, 1314–15 (5th Cir. 1992). As for the amended Background

---

1. We disagree with that portion of the Fifth Circuit's decision in *United States v. Canales*, 960 F.2d 1311, 1314 (5th Cir.1992), holding that Application Note 6 to U.S.S.G. § 4A1.2 does not violate the *ex post facto* clause of Article I of the United States Constitution. Furthermore, even if in the instant case the district court were not concerned with an ex post facto problem, the court still has the discretion to consider Hoffman's challenges to his prior convictions.

2. We recognize that there is conflicting authority among Circuits regarding the interpretation of Application Note 6 and the Background Note to U.S.S.G. § 4A1.2. *See e.g., United States v. Jones*, 977 F.2d 105 (4th Cir.1992) (*Jones II*); *United States v. Hewitt*, 942 F.2d 1270, 1276 (8th Cir.1991).

Note to § 4A1.2, the Eleventh Circuit explained:

> This language demonstrates that, under the guidelines, courts only must exclude convictions that had been previously held invalid from the criminal history score. The Commission, however, left courts the discretion collaterally to examine the validity of prior convictions that the defendant had not challenged previously.

*Cornog*, 945 F.2d at 1504.

█ Having held that the district court properly exercised its discretion in considering Hoffman's challenges to his prior convictions, we now turn to the question of whether the court properly ruled that Hoffman failed to meet his burden of showing that his prior convictions are constitutionally invalid under *Boykin*. We first note that Hoffman had the burden of showing that his prior convictions were invalid for purposes of calculating his criminal history category. *See United States v. Bradley*, 922 F.2d at 1297.

█ In *Boykin*, the Supreme Court noted that "[s]everal federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial." *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712. These rights include the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Id.* Hoffman alleges that his 1984 and 1987 state convictions are invalid because he was not fully advised of his rights. His claim is supported by the transcripts of his guilty pleas from these convictions, which show that, in both 1984 and 1987, he was not advised of his privilege against self-incrimination or his right of confrontation, but only his right to trial by jury.

In *Pitts v. United States*, 763 F.2d 197 (6th Cir.1985), this Circuit held that where a defendant shows that he was not fully advised of his rights as required by *Boykin*, the ultimate inquiry is whether the defendant's plea was voluntary and intelligently made. *Id.* at 200. The *Pitts* court wrote:

> [I]f a defendant shows an insufficiency in the transcript, *Boykin* does not automatically require that the conviction be vacated but instead requires that the state prove, by evidence extrinsic to the transcript, that the plea was nonetheless voluntary and intelligent.

*Pitts*, 763 F.2d at 200.

The district court thought it was significant that by the time Hoffman entered the 1984 plea he already had 20 previous convictions, most of which resulted from pleas. In fact, the defense acknowledged that Hoffman had been fully advised of his rights for pleas that he entered in 1978 and 1980. It is also important to note that Hoffman does not claim that he was unaware of his rights, but simply that he was not completely informed of his rights when he entered the 1984 and 1987 pleas. In light of the above facts and this Circuit's decision in *Pitts*, we do not believe that the district court erred in ruling that Hoffman failed to meet his burden of showing that his prior convictions were constitutionally invalid. *See also Parke v. Raley*, —— U.S. ——, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) (upholding court's inference that defendant was aware of his constitutional rights as a result of his prior experience with the criminal justice system). Therefore, we affirm the district court's decision enhancing Hoffman's sentence based on his prior convictions.

## B. ENHANCEMENT FOR OBSTRUCTION OF JUSTICE

█ Section 3C1.1 of the guidelines permits a two-level enhancement for obstruction of justice. That section specifically provides that:

> If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense by two levels.

Application Note 3(a) to U.S.S.G. § 3C1.1 states that "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so," constitutes obstruction of justice for purposes of § 3C1.1. Facts supporting enhancement

under this provision must be proven by a preponderance of the evidence. *United States v. Rodriguez*, 896 F.2d 1031, 1032 (6th Cir.1990). We review the district court's findings on this issue for clear error. *United States v. Williams*, 940 F.2d 176 (6th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 666, 116 L.Ed.2d 757 (1991).

As stated earlier, Garry Sheldon testified that Hoffman threatened that his people from Kentucky would attend his trial and would take care of the witnesses testifying against him. The government also called FBI agent Ronald Schaller, who testified that he received information of Hoffman's threat to Sheldon from a confidential source and later verified the threat with Sheldon. Based on the testimony of Sheldon, agent Schaller, and Hoffman, the district court made a credibility determination and found by a preponderance of the evidence that Hoffman did, in fact, communicate a threat to Sheldon in an attempt to obstruct justice. Accordingly, the district court did not commit clear error.

### III.

For the foregoing reasons, we AFFIRM the sentence imposed by the Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan.

BOGGS, Circuit Judge, concurring in part and dissenting in part.

I agree with the court's opinion that the enhancement for obstruction of justice was proper. However, I am not prepared at this time to rule that the district court had the discretion to consider Hoffman's collateral attack on his prior convictions.

With regard to collateral challenges, the court's opinion (p. 190) places some emphasis on the possibility of an *ex post facto* problem because Application Note 6 was amended after defendant committed his crime, but before his sentencing. I disagree. A criminal defendant has a vested interest only in the statutory limits on his punishment at the time the crime is committed. Within the bounds of the punishment statutorily authorized, the guidelines themselves, and the factors governing the exercise of the district court's discretion, are not matters in which defendant has a vested interest, and to which *ex post facto* jurisprudence applies. To the contrary, courts have repeatedly held that the sentencing guidelines that apply are those in effect at the time of the sentencing. Thus, a defendant who commits a crime with a statutory sentencing range of, for example, five to twenty years has no constitutionally valid complaint if the guidelines that would have led to a sentencing range of, for example 100–120 months are, prior to his sentencing, changed either upward or downward. 18 U.S.C. § 3553(a)(4)(5); *United States v. Marin*, 916 F.2d 1536, 1538 (11th Cir.1990); *United States v. Russell*, 913 F.2d 1288, 1292 (8th Cir.1990).

The crucial Background Note (which is a lesser level of authority than even the Application Notes themselves), does not explicitly give district courts discretion to consider, or fail to consider, collateral attacks. Rather, having already adopted an amended Application Note 6 that uses the term "a defendant shows to have been *previously* ruled constitutionally invalid," (emphasis added), the Commission then waffles a bit by adding a Background Note stating that it "leaves for court determination," not the individual case, but "the issue of whether a defendant may collaterally attack at sentencing a prior conviction." This is precisely the issue that our court will be determining, following an en banc rehearing of *United States v. McGlocklin*, 962 F.2d 551 (6th Cir.1992) held on December 9. At this time, I am not prepared to take a position on that issue, pending the argument and disposition of that case. Therefore, I cannot join in the court's opinion holding that the district court did have discretion to consider this challenge.