1 F.3d 1243
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas T. TOWNER, Defendant-Appellant.
 No. 92-3785.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1993.
 
 Before KENNEDY and SILER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Thomas T. Towner appeals the sentence imposed upon his plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). On appeal defendant contests the enhancement of his sentence under 18 U.S.C. Sec. 924(e). Specifically, defendant argues that the District Court erred in sentencing him as an armed career criminal because (1) defendant sustained his burden of proving that his convictions were constitutionally invalid pursuant to Boykin v. Alabama, 395 U.S. 238 (1969) and (2) defendant's Ohio convictions should have been counted as one offense rather than two separate predicate offenses. For the reasons that follow, we affirm.
 
 I.
 
 2
 On September 18, 1990, defendant Thomas T. Towner was charged by a federal grand jury with four (4) counts of firearm violations. It was alleged defendant possessed two different firearms during May of 1990, and that he falsified federal transaction forms during the acquisition of these firearms. Specifically, count one of the indictment charged that defendant, "having been convicted on or about the 18th day of June, 1969, in the Superior Court of Maricopa County, Arizona ... of Robbery, ... did knowingly receive and possess a firearm ... in violation of Title 18, Sections 922(g)(1) and 924(e)(1), United States Code."[1] On October 18, 1990, another federal grand jury returned an eight (8) count indictment against defendant and two others for conspiracy to violate federal firearms and explosive laws, for dealing in explosive materials, and for distributing drugs. Defendant was charged in counts two, three, four, five and seven.
 
 
 3
 On March 19, 1991, defendant entered into a plea agreement wherein he agreed to plead guilty to count one of the September 18, 1990 indictment (felon in possession of a firearm) in exchange for dismissal of the remaining counts against him in both indictments. Defendant understood that by pleading guilty he could be sentenced to a mandatory minimum fifteen years imprisonment as an Armed Career Criminal pursuant to 18 U.S.C. Sec. 924(e).[2] The District Court accepted defendant's guilty plea after finding it was voluntarily and knowingly entered. Prior to sentencing, defendant moved to have his retained counsel removed and counsel appointed for the purpose of sentencing. Thereafter, defendant filed a sentencing memorandum contesting the constitutional validity of the prior state convictions upon which the government relied in seeking enhancement of defendant's sentence under section 924(e). Defendant also contended that two of his Ohio convictions for armed robbery arose out of a single criminal episode or crime spree and should therefore have been counted as only one offense.
 
 
 4
 On July 20, 1992, the District Court held a sentencing hearing and determined that defendant was an armed career criminal under 18 U.S.C. Sec. 924(e). The court sentenced defendant to 188 months imprisonment. On July 27, 1992, the court resentenced defendant to 180 months to accord with the parties' plea agreement. This timely appeal followed.
 
 II.
 
 5
 In United States v. Hoffman, 982 F.2d 187 (6th Cir.1992), this Court "adopt[ed] the view of the Second, Fifth, Eleventh, and Ninth Circuits that it is within a district court's discretion to determine whether a defendant may collaterally attack the use of prior convictions at sentencing where the defendant has not previously challenged the convictions." Id., 982 F.2d at 190. Because the District Court exercised its discretion in considering defendant's challenges to his prior convictions, under the procedure endorsed by Hoffman this Court must now determine whether the court properly ruled that defendant failed to meet his burden of showing that his prior convictions are constitutionally invalid. Id. at 191.
 
 
 6
 Section 924(e) mandates an enhanced sentence of not less than 15 years for a defendant who has three prior convictions for a violent felony or serious drug offense. 18 U.S.C. Sec. 924(e). For the conviction to count for enhancement purposes, it must have been constitutionally obtained. United States v. Gallman, 907 F.2d 639, 642 (7th Cir.1990), cert. denied, 111 S.Ct. 1110 (1991) (citing United States v. Sullivan, 897 F.2d 530 (6th Cir.1990) (unpublished order)). A conviction pursuant to a guilty plea that is not voluntarily and intelligently given is not constitutionally obtained. Boykin, 395 U.S. 238. In 1968, defendant was convicted (upon a plea of guilty) of robbery in the Superior Court of Arizona, Maricopa County. In 1975, defendant was convicted (upon pleas of guilty) of two separate violent felonies involving aggravated robbery in the Common Pleas Court of Ohio, Cuyahoga County. At defendant's sentencing hearing, the government introduced into evidence certified copies of the convictions in question and accompanying documentation.
 
 A. Ohio Convictions
 
 7
 Defendant now concedes the constitutional validity of his Ohio convictions pursuant to this Court's holding in United States v. Warren, 973 F.2d 1304 (6th Cir.1992), and the Supreme Court's decision in Parke v. Raley, 113 S.Ct. 517 (1992). Defendant further concedes that under this Court's decision in United States v. Brady, 988 F.2d 664 (6th Cir.1993) (en banc), his two aggravated robberies were correctly counted as separate predicate offenses for the purpose of sentencing under the provisions of 18 U.S.C. Sec. 924(e)(1).
 
 B. Arizona Conviction
 
 8
 To establish the validity of defendant's prior conviction in the state court of Arizona for robbery, the government introduced the following certified documents: a Judgment of Guilt and Order for Probation; an Order Revoking Probation and Pronouncement of Sentence; Statement of Facts on Conviction; and Request for Revocation of Probation.[3] Arizona records indicate that defendant was charged with robbery on April 10, 1968, that he pled guilty on May 21, 1968, and that on June 13, 1968, defendant was given five years suspended sentence, sentencing being postponed one year. On June 18, 1969, defendant appeared for sentencing and was placed on five years probation. Defendant now contends that at the time he entered his guilty plea, the Arizona judge did not advise him of his Boykin rights; and therefore, the Arizona conviction was not constitutionally obtained.
 
 
 9
 The standard for determining the constitutionality of a guilty plea is the one that was in use at the time of its entry. Gallman, 907 F.2d at 642. For pleas entered before June 2, 1969 (the date Boykin was decided), the standard is whether defendant entered the plea knowingly, voluntarily and intelligently. See, e.g., Hendron v. Cowan, 532 F.2d 1081 (6th Cir.1976).[4]
 
 
 10
 See also Winford v. Swenson, 517 F.2d 1114, 1117 (8th Cir.) ("This pre-Boykin test does not require a record affirmatively showing that the trial judge gave the defendant specific procedural warnings before accepting the plea but only that the record contain facts demonstrating the voluntary and intelligent nature of the plea."), cert. denied, 423 U.S. 1023 (1975).[5] Here, the record clearly establishes that defendant's plea was entered pre-Boykin. A fair reading of the record also establishes that defendant's initial sentence was imposed pre-Boykin. The Arizona certified documents show that terms of probation were imposed in 1968 as well as a restitution order. Under the pre-Boykin standard, defendant's Arizona conviction was constitutionally obtained. At the sentencing hearing, defendant testified that he voluntarily pled guilty, that he realized he could have gone to trial, that he did not want to go to trial, and that he was motivated to plead guilty because "a deal was made." Thus, the District Court did not err in using defendant's 1968 Arizona conviction for the purpose of sentencing him under 18 U.S.C. Sec. 924(e).
 
 III.
 
 11
 For the aforementioned reasons, defendant's sentence is AFFIRMED.
 
 
 
 [1]
 Count one also referenced defendant's aggravated robbery convictions (of March 2, 1975 and March 9, 1975) in Cuyahoga County, Ohio
 
 
 [2]
 18 U.S.C. Sec. 924(e)(1) provides, in pertinent part, that:
 In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....
 
 
 [3]
 It was stipulated that no records or transcripts of the plea proceeding existed
 
 
 [4]
 It is well-settled that Boykin should not be applied retroactively. See Scranton v. Whealon, 514 F.2d 99, 101 (6th Cir.), cert. denied, 423 U.S. 896 (1975); Lawrence v. Russell, 430 F.2d 718, 720-21 (6th Cir.1970), cert. denied, 401 U.S. 920 (1971)
 
 
 [5]
 Under a post-Boykin standard, a defendant must plead guilty voluntarily and with knowledge that in doing so he waives his privilege against self-incrimination, his right to a jury trial, and his right to affront accusers. Boykin, 395 U.S. at 242-43