51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley ANDERSON, a/k/a Stanley McCrackin, Defendant-Appellant.
 No. 94-5343.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 Before: NELSON and NORRIS, Circuit Judges, and BELL, District Judge.[1]
 PER CURIAM.
 
 
 1
 The defendant, Stanley G. Anderson, pleaded guilty to a charge of aiding and abetting in the possession of 10 grams of cocaine base (crack cocaine) with intent to distribute it. He subsequently moved to withdraw his plea on the grounds that (1) he believed he was pleading guilty as to a lesser quantity of the drug and (2) he did not know that for sentencing purposes he would be classified as a career offender. The district court declined to allow a change of plea. Mr. Anderson challenges this ruling on appeal and also asserts that the court erred in sentencing him as a career offender. Finding none of Mr. Anderson's contentions persuasive, we shall affirm both the conviction and sentence.
 
 
 2
 * During a street-level undercover drug purchasing operation, an agent of the Memphis Police Department approached defendant Anderson with a marked $20 bill and asked to buy a rock of crack. Mr. Anderson agreed, took the money, and entered a nearby apartment building. He soon returned with one rock. The undercover agent then gave him $35 in marked money for the purchase of two more rocks. Anderson went back to the apartment building, and the police saw him hand money to a man (later identified as Ulysses Blue) in the doorway of an apartment. Anderson and Blue were both arrested.
 
 
 3
 The officers recovered the $35 in marked bills from inside the apartment. They also found assorted drug paraphernalia and several rocks of cocaine base weighing approximately 10 grams. The marked $20 used for the initial purchase was recovered from a man who attempted to flee when the police entered the apartment.
 
 
 4
 A grand jury handed up a two-count indictment charging Mr. Anderson with conspiring to possess cocaine base with intent to distribute it, a violation of 21 U.S.C. Sec. 846, and with aiding and abetting in the possession of approximately 10 grams of cocaine base with intent to distribute it, a violation of 21 U.S.C. Sec. 841(a)(1). On December 22, 1992, Anderson withdrew a plea of not guilty and, pursuant to a plea agreement, pleaded guilty to the aiding and abetting charge only.
 
 
 5
 On March 29, 1993, through counsel, Mr. Anderson filed a motion to withdraw his guilty plea on the ground that he had not received prior notification of his classification as a career offender under the Sentencing Guidelines. On August 27, 1993, proceeding pro se, he filed an amended motion to set aside the plea. He argued, among other things, that he believed he was pleading guilty only as to three rocks of crack and not as to the 10 grams referred to in the indictment.
 
 
 6
 After a hearing, the district court declined to allow withdrawal of the plea. In imposing sentence, however, the court rejected a request by the government that Anderson be held accountable for the 10 grams of cocaine base. Only the three rocks were attributed to him. This made the guideline range 151-188 months, as opposed to 262-327 months. The court imposed a sentence of imprisonment for 188 months, to be followed by a five-year term of supervised release.
 
 II
 
 7
 Mr. Anderson contends that his plea was not made knowingly and intelligently, his understanding having been that the plea extended only to the three rocks involved in the transactions with the undercover agent. It is settled law, however, that "[t]he quantity of contraband possessed is not an element of [a 21 U.S.C. Sec. 841(a)(1) ] offense, but is pertinent only to sentencing. To sustain a possession charge the evidence must only show that a measurable amount of contraband is possessed." United States v. Clark, 928 F.2d 733, 736 (6th Cir.), cert. denied, 502 U.S. 846 (1991) (citations omitted). And to sustain an aiding and abetting charge, the government need not prove any possession at all:
 
 
 8
 "Proof of actual possession with intent to distribute is not necessary to sustain a conviction under 21 U.S.C. Sec. 841(a)(1) as long as there is proof, beyond a reasonable doubt, that a defendant aided and abetted the criminal venture." Id. (citing United States v. Winston, 687 F.2d 832, 834-35 (6th Cir.1982).)
 
 
 9
 There was nothing anomalous about Anderson's pleading guilty to a charge of aiding and abetting the possession of 10 grams [read: a quantity] of crack cocaine--a charge in which neither the amount nor actual possession was an element--and the district judge's finding that for sentencing purposes the amount attributed to the defendant should be only three rocks.
 
 
 10
 The indictment, moreover--including the reference to the 10 grams--was read to Mr. Anderson before his plea of guilty was accepted. The transcript of the change-of-plea hearing shows that Mr. Anderson, through his counsel, was disputing the amount of drugs attributable to him for sentencing purposes. The district court did not abuse its discretion in refusing to let Anderson withdraw the plea months later.
 
 III
 
 11
 Mr. Anderson next contends that his plea was not made knowingly and intelligently because the government waited until the presentence report was issued before informing him that he would be sentenced as a career offender. We rejected a similar contention in United States v. Walker, No. 94-3521, pp. 16-17 (6th Cir. March 31, 1995) (unpublished per curiam), observing that "where--as here--the district judge has correctly stated the applicable maximum penalty and has told the defendant that his actual sentence will depend on his criminal history, we cannot say that the court has committed an abuse of discretion in later denying a motion to withdraw the plea." See also United States v. Todaro, 982 F.2d 1025, 1029-30 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993), holding that a defendant is not entitled to withdrawal of a guilty plea on the strength of allegations that his attorney gave him erroneous sentencing information when, prior to accepting the plea, the district judge correctly advised the defendant of the maximum sentence.
 
 
 12
 At the change-of-plea hearing in the case at bar, the district judge and the defendant engaged in a colloquy at least as extensive as those in Walker and Todaro. Mr. Anderson was told that he could receive a term of up to 40 years; that his criminal history would affect the length of his sentence; and that "if the sentence in this case is more severe, or larger, or harsher than you expect it to be ... you will still be bound by your plea of guilty, and you will not have a chance to withdraw your plea simply because the sentence is harsher than you thought it was going to be." Anderson's argument that the plea was not made knowingly and intelligently cannot be reconciled with what was said in the colloquy.
 
 IV
 
 13
 Finally, Mr. Anderson asserts that it was improper for the district court to sentence him as a career offender when there was no showing that the guilty pleas on which his predicate convictions were based had been made voluntarily and intelligently. This claim too lacks merit.
 
 
 14
 In the first place, no objection to use of the convictions was made prior to sentencing. The objection was therefore waived.
 
 
 15
 In the second place, whether a defendant shall be permitted collaterally to attack the use of prior convictions at sentencing is a matter left to the sound discretion of the district court. United States v. Hoffman, 982 F.2d 187, 190 (6th Cir.1992). No abuse of discretion has been shown here. Where the district court allows a collateral challenge to prior convictions, moreover, the burden is on the defendant to show why the prior conviction is invalid. Id. at 191. Mr. Anderson has offered no support for his naked assertion that the pleas in question here were not made voluntarily.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation