62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adriana HARRISON, Defendant-Appellant.
 No. 94-6405.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1995.
 
 Before: GUY, MARTIN, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Adriana Harrison appeals the sentence imposed by the district court following her guilty plea to wire fraud in violation of 18 U.S.C. Sec. 1343. Claiming that the district court erred in denying her a two-point offense level reduction for acceptance of responsibility and in refusing to depart downward from the sentencing guidelines range, Harrison asks this Court to remand her case to the district court for resentencing.
 
 
 2
 In January 1993, George Mariani, the president of Gem Seal, Inc., traced a shortage of approximately $70,000 to the company's Memphis sales office. He then learned that Harrison, the Memphis employee responsible for reporting sales, had not been following proper reporting procedure. Harrison eventually admitted to Mariani that she had taken some of the company's money.
 
 
 3
 On February 9, 1994, a federal grand jury returned an indictment charging Harrison with forty-seven counts of wire fraud in violation of 18 U.S.C. Sec. 1343. Harrison was arrested on February 16. On May 9, the case proceeded to trial. After three days of trial, on May 12, Harrison pled guilty to the forty-seven count indictment.
 
 
 4
 At her September 30 sentencing hearing, Harrison testified that notwithstanding her original plea of not guilty, she never denied misappropriating company funds for her own benefit. According to Harrison, she took $32,457.23 from Gem Seal, not the approximately $60,000 estimated in the indictment or the amount to which Mariani testified at trial. Federal Bureau of Investigation Special Agent Russell Gregory, III, testified at Harrison's sentencing that based upon his calculations, approximately $77,000 was missing from the corporate coffers. The district court concluded that the loss amount at issue was in excess of $40,000. Moreover, the court determined that a two-level reduction for acceptance of responsibility was inappropriate, reasoning that "this was certainly not a timely acceptance of responsibility." The court also found that "[i]t was not a case in which [it] should vary from the general guidelines." The court then sentenced Harrison to a one-year, eight-month term of imprisonment, to be followed by a four-year period of supervised release. This timely appeal followed.
 
 
 5
 Harrison contends that the district court erred in denying her a two-level reduction for acceptance of responsibility. She claims that the district court failed to consider two important factors when determining whether her guilty plea constituted timely acceptance of responsibility: that she gave her employer a full and detailed account of how she took the money; and that she admitted her guilt to the probation officer. According to Harrison, the fact that she proceeded to trial "does not diminish her mental state of acceptance of responsibility."
 
 
 6
 The United States, in turn, argues that Harrison failed to show that she accepted responsibility for her actions in a timely fashion, emphasizing that Harrison did not change her plea to guilty until three days into her trial. Although the United States acknowledges that Harrison did make certain statements to Gem Seal employees to the effect that she had embezzled some money, it stresses that she never gave a statement to Federal Bureau of Investigation investigators. Moreover, Harrison maintained that she took only $32,457.23, not the amount suggested by the United States. Finally, the United States stresses that it was forced to fully prepare for trial.
 
 
 7
 Section 3E1.1 of the sentencing guidelines provides for a two-point offense level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for [her] offense." To qualify for the acceptance of responsibility reduction, a defendant must show, by a preponderance of the evidence, that she accepted responsibility for the offense committed. United States v. Williams, 940 F.2d 176, 181 (6th Cir.) (citations omitted), cert. denied, 502 U.S. 1016 (1991). In determining a defendant's eligibility for this reduction, the sentencing court is advised to consider, among other factors, whether the defendant truthfully admitted the conduct comprising the offense of conviction, whether the defendant accepted responsibility in a timely fashion, and whether the defendant pled guilty before the beginning of the trial. USSG Sec. 3E1.1, comment. (n.1, n.3). Because "the sentencing judge is in a unique position to evaluate defendant's acceptance of responsibility ... the determination of the sentencing judge is entitled to great deference on review." USSG Sec. 3E1.1. comment. (n.5).
 
 
 8
 Although Harrison's "mental state" may have truly reflected her acceptance of responsibility, she has not met the acceptance of responsibility criteria outlined in the sentencing guidelines. Harrison did not plead guilty to the offenses charged until the third day of her trial. By that point, presumably, the United States had fully prepared for trial. Moreover, at her sentencing Harrison disagreed with the United States, and ultimately the district court, about the amount of money involved. Therefore, the district court did not clearly err, United States v. Morrison, 983 F.2d 730, 732 (6th Cir. 1993) (citations omitted), in determining that Harrison failed to accept responsibility for her offenses.
 
 
 9
 Harrison also claims that the district court erred in refusing to depart downward from the applicable sentencing range. However, a district court's failure to depart downward from a sentence within the properly computed guideline range is not appealable. United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir. 1991). Thus, where, as here, the district court is aware of its discretion to depart from the applicable guideline range, and the sentence is neither imposed in violation of law nor as a result of an incorrect application of the guidelines, the court's decision to depart is not cognizable on appeal. United States v. Griffith, 17 F.3d 865, 882 (6th Cir.), cert. denied, 115 S. Ct. 149 (1994).
 
 
 10
 Sentence AFFIRMED.